GEORGE HOLMES et al. v. THE SAPPHIRE VALLEY COMPANY.

*Action to Recover Land—Defective Description in Deed—Parol Evidence.*

While parol evidence is competent to "fit the description to the thing," it is not competent to establish a line or corner when the instrument by its terms wholly fails to identify such line or corner; in other words, it is competent to *find* but not to *make* a corner.

CIVIL ACTION to recover land tried before *Brown, J.*, and a jury at Spring Term, 1897, of JACKSON Superior Court. At the conclusion of the plaintiffs' testimony, his Honor intimated that they could not recover on account of the insufficiency of description of the land in the deed upon which they relied, whereupon plaintiff submitted to a non-suit and appealed.

*Mr. Walter E. Moore*, for defendant (appellee).
No counsel *contra*.

FAIRCLOTH, C. J.:  Plaintiff sues for possession of 640 acres of land. His title is denied by defendant. After the introduction of evidence was closed, his Honor being of opinion that plaintiff had failed to locate the lands described in the complaint, the plaintiff took a non-suit and appealed.

The plaintiff's evidence was a State grant to E. H. Phipps, No. 1695, dated December 28th, 1854, and several *mesne* conveyances. There were some objections to the reading of these *mesne* conveyances on the trial, but the case turns on the sufficiency of the grant No. 1695, to Phipps and the evidence to locate land in dispute.

The description in the grant No. 1695 was "640 acres lying and being in the County of Macon on the waters of the Toxaway River; beginning at a large chestnut, runs thence S. 25 W. 320 poles to a rock at the head waters of Thompson river, thence N. 65 W. 320 poles to a stake in a laurel; thence N. 25 E. 320 poles to a stake; thence S. 65 E. 320 poles with Johnson's and Francis' line to the beginning."

T. B. Reed testified.—Sometimes I follow surveying. Was on survey in this case. Found marked chestnut at A.; two hacks on it, indicating, in surveying, a line tree. Knew Wm. Chandler; he is dead; was 78 years old. He lived for many years near these lands. Some few years ago, and before this suit commenced, Mr. Chandler pointed out this

tree to me and said it was a corner of one of the Woodfin surveys; did not say which one. I refer to the chestnut. On this survey we began there, in running the Phipps grant No. 1695. Did not find any rock at end of first call, which is thence S. 25 W. 320 poles to a rock at head-waters of Thompson River. The head of Thompson River is two and one-half miles off from there. There were several Woodfin surveys in this section. Some Woodfin surveys run a good ways, and one some distance off. There are eight or ten Woodfin surveys. I don't know myself that there are any other Woodfin surveys in this locality. There is a rock about the size of a small house over the ridge, about twenty-three poles from point where poleage gave out. It is on south, or Thompson River, side of Bear Pond Ridge. This rock is two and one-half miles from head spring of Thompson River. I found a number of large rocks there, but found no rock as large as the one I refer to, and no other rock likely to be called for as a corner or selected as such. The course we ran from the big chestnut (being the first call of the Phipps grant) would not bring us to this rock. The rock is several poles further east, and twenty-three poles from the point where poleage gave out. I think this chestnut is on Francis and Johnson line.

S. W. Reed testified substantially to the same as T. B. Reed.

This is not an effort to establish boundary lines by course and distance, by marked trees and corners or by calls for natural objects and the like, but is an effort to identify and locate the first station by evidence. The description in the grant No. 1695 is not as definite as it ought to be, but if we assume it can be aided by parol evidence in fitting the description to the land, then the only question is, does it have that effect? It appears to the Court that it does not. It will be observed that the first line leading away from the

"chestnut" has no chops or signs indicating a line, nor has the fourth line returning to the chestnut any such signs. There is a rule that the station, sought to be fixed, may be found at the cross or intersection of two lines run and measured by reverse bearings, but that can only be when the two lines start out from established or admitted corners. That rule will not help in this case, because the second, third and fourth corners, both by the grant and the evidence, are more indefinite than the chestnut, which has some marks on it. The boundaries would depend solely on course and distance if the first station (chestnut) could be located. The proof would apply as well to any of the Woodfin surveys as to the one claimed by the plaintiff. It fails to locate or identify any chestnut with reasonable certainty. If the evidence was allowed to locate the first station, that would be making a beginning corner instead of finding one, as nothing is described. *Hinchey* v. *Nichols*, 72 N. C., 66.

No error.