MICAJAH BARFIELD v. T. R. HILL, MILTON CREECH, AND LENA CREECH.

(Filed 15 October, 1913.)

1. Deeds and Conveyances—Color of Title—Proof—Adverse Possession.

The plaintiff in his action to recover lands must recover upon the strength of his own title; and where he has failed to show title out of the State, he must show such possession under his

·chain of paper title as color for twenty-one continuous years as will oust the State; and where the evidence is conflicting upon the question of such possession, it is for the jury to determine the issue thus raised.

2. **Same—Burden of Proof—Conflicting Evidence—Trials—Instructions.**

The trial judge may direct the jury to answer an issue in a certain way, if they believe the evidence to be true, only when this evidence is uncontradicted and one inference alone can be drawn from it; and hence it is error to direct an answer to an issue in plaintiff's favor in an action to recover lands, when the plaintiff relies on adverse possession, under color, in order to oust the State, the burden of proof as to such possession being on the plaintiff.

3. **Evidence—Boundaries—Surveys—Recognition of Lines.**

Evidence that a certain boundary line in dispute in an action to recover lands had been surveyed by one under whom the plaintiff deraigned his title, and that those claiming under him had never thereafter claimed beyond this line, is competent evidence in behalf of the defendant, when it tends to establish his claim. *Haddock v. Leary,* 148 N. C., 379, cited and applied.

HOKE and WALKER, JJ., dissenting.

APPEAL by defendants from *Justice, J.,* at June Term, 1913, of LENOIR.

Civil action to try title to land. This issue was submitted:

Is the plaintiff, Micajah Barfield, the owner of the land described in the complaint? A. Yes, except the land lying west of the line from 7 to H, which would appear to be lands of the defendant Hill, he having been in actual possession under color of title.

The court charged as follows:

"Gentlemen of the jury, is the plaintiff, Micajah Barfield, the owner of the land described in the complaint? The court directs you, gentlemen, if you believe the testimony and find the facts to be as testified to by all the witnesses, you will answer, 'Yes, except that part of the land that lies west of the line indicated on the map running from 7 to H, and as to that he is not the owner.'"

Defendants Creech excepted.

The court rendered judgment in favor of defendant Hill for the tract of land claimed by him, and against defendants Creech for the land claimed by them. They excepted and appealed.

*J. P. Frizelle, G. V. Cowper for plaintiff.*
*Rouse & Land, Loftin & Dawson for defendants.*

BROWN, J. It is important to clearly distinguish the contentions made by the defendant Hill, which were sustained and from which there was no appeal, and that made by the defendants Creech, who are appellants in this cause.

BARFIELD *v.* HILL.

Of the land in dispute, defendant Hill claimed and recovered that portion within the boundaries on the map 7, H, and back to 7. While the defendants Creech, who lost below ·and appealed, claimed the land in the bounds 7, A, B, C, E, D, 10, 9, H, and back to 7.

The plaintiff introduced a chain of deeds to himself and those under whom he claims, beginning 1 February, 1879, and ending 8 December, 1905, covering the land in dispute.

Plaintiff then introduced evidence tending to prove possession for more than twenty-one years under color, which it is unnecessary to set out. Therefore, the motion to nonsuit was properly denied. While such evidence tends to prove the necessary possession, and is of sufficient probative force to warrant a jury in finding for the plaintiff, in case they saw fit to do so, we do not think upon the whole evidence the court was justified in *directing* a verdict.

We do not question the right of the judge to do so in certain cases, where the evidence is uncontradicted and believed by the jury to be true and only one inference can be drawn from it. It is very rare that a verdict can be properly directed where the sole issue is one of possession of land, and much evidence, as in this case, is offered on each side.

The plaintiff must recover upon the strength of his own title, and not rely upon the weakness of his adversary's. Failing to offer a grant from the *State,* the plaintiff relies upon *color* and twenty-one years' possession to show title out of the State.

The burden is, therefore, upon him to prove adverse occupation and claim of ownership of the land in dispute, and covered by his deeds, for twenty-one *continuous* years prior to the alleged trespass, for he must have acquired title at the time of the trespass. *Gordner v. Lumber Co.,* 144 N. C., 110.

Such possession for that period must have been open, notorious, continuous, and unequivocal, and it must have been ascertained and identified under known and visible lines or boundaries. Revisal 1905, sec. 380, subsec. 2; *Mobley v. Griffin,* 104 N. C., 115.

Taking into consideration the evidence offered by the defendant, we do not think the charge of the court can be sustained, for there is contradictory evidence as to whether plaintiff's possession was continuous and unequivocal for the period required.

There is, also, some evidence that plaintiff's possession did not begin twenty-one years before the trespass or the trial. Witness Isler testified: "I remember this land for about twenty-two years. Aldridge was the first I knew on it, about twenty-two years ago. Aldridge was on it until Edwards went in." The action was instituted 21 January, 1911, nearly two years and a half before the trial. The witness was speaking, we must infer, as of the date of the trial in the Superior Court.

There is evidence tending to show a marked line between Pate, under whom plaintiff claims, and Creech, and that Miller Creech cut rail timber on the land in dispute near this line, and a witness testified that on one occasion he had heard a conversation between Pate and Miller Creech about some rail timber that Creech had cut near A, and that Creech had cut at that point one tree just over the line.

The testimony of Lovit Hines tends to prove that the Creechs had exercised ownership over this land ever since he could remember, and as far back as 1870.

The plaintiff, himself, testified that Milton Creech had been on the part in dispute for a while after the plaintiff purchased the land from Edwards.

There was also evidence for the defendants that shortly after the war Miller B. Creech chopped and used turpentine trees along the road in the disputed territory, and that these were used for several years; that the house on the disputed territory near A was built in 1870 or 1871, and that there was some cleared land around this house, which had been in possession of the Creechs for a number of years and used by them; that about 1875 Miller B. Creech rented the land in dispute situated in the fork of the road across from the church to one Franklin Dail, who built a gin-house at this point and ran it one season, and then gave it up to Mr. Creech.

There is evidence tending to prove a survey by one Jones in the eighties and that he ran the line as now claimed by defendants, and that Pate and Miller Creech were present and no objection was made by either.

There is evidence of the cutting of timber on the land in dispute by a lumber company by authority of the Creechs, after plaintiff Barfield had purchased from Edwards and lived near-by.

There is other evidence in the record tending to contradict plaintiff's claim of continuous possession, but we deem it unnecessary to go further into it.

The defendants offered to prove that a certain line was surveyed, and that Pate and those from whom plaintiff deraigns his title never claimed beyond it. This evidence was excluded. In this there was error.

In *Haddock v. Leary,* 148 N. C., 379, our learned brother *Justice Allen* charged the jury as follows: "If you find by the greater weight of the evidence that plaintiff and the grantor of defendants ran an equal line on the map from K to H to G to F in 1895, and the plaintiff after that time did not claim beyond this line, you should answer the first issue 'No,' although you should further find that plaintiff's deed covered the land and he was living upon a part of the land embraced in his deed." That charge was sustained. *Kennebec v. Springer,* 4 Mass., 416; Malone Real Prop. Trials, p. 282 and note.

New trial.

HOKE, J., and WALKER, J., dissenting.