HARVEY McDARIS AND P. NOVIE PIPES v. BREIT BAR "T" CORPORATION AND M. JACK BREITBART.

(Filed 22 September, 1965.)

**1. Adverse Possession § 23—**

When a party introduces a deed in evidence which he intends to use as color of title, he must, in order to give legal efficacy to his possession, prove that the boundaries described in the deed cover the land in dispute.

**2. Same—**

Where plaintiff introduces a deed as color of title and then offers testimony permitting the inferences that he went upon the land with a surveyor who had owned or had an interest in the land and who knew the property, that the surveyor pointed out the corners to him, and as a consequence

plaintiff was familiar with the lines of the property "as contained in the deed", *held* some evidence fitting the description of the deed to the land, even though part of the evidence should have been excluded as a conclusion had objection been made.

**3. Adverse Possession § 22;    Evidence § 35—**

Testimony to the effect that the boundaries of the land claimed fitted the description of the land as set forth in the deed asserted as color of title, *held* incompetent as a conclusion, it being proper for the witness to testify only as to the facts from which the conclusion may be drawn by the jury.

**4. Appeal and Error § 51—**

Upon appeal from the court's refusal of motion for nonsuit, incompetent evidence admitted without objection must be considered, since if objection had been entered plaintiff might have introduced competent evidence in proof of the matter in question.

**5. Adverse Possession § 1—**

In order to acquire title by adverse possession plaintiff must have occupied the land under known and visible boundaries, and where the court fails to instruct the jury in regard to this essential element a new trial must be awarded. G.S. 1-38.

APPEAL by defendants from *Martin, S. J.*, June 21, 1965, Session of BUNCOMBE.

*James S. Howell and Oscar Stanton for plaintiffs.*
*Van Winkle, Walton, Buck & Wall and Herbert L. Hyde for defendants.*

MOORE, J.   This is an action in ejectment, instituted 18 October 1963. Defendants appeal from judgment, conforming to the jury's verdict, declaring plaintiffs the owners and entitled to the possession of the land described in the complaint.

Plaintiffs' claim of ownership is based on adverse possession "under known and visible lines and boundaries and under color of title, for seven years." G.S. 1-38; *Mobley v. Griffin*, 104 N.C. 112, 10 S.E. 142. For color of title plaintiffs rely on a deed from the Board of Tax Supervision of Buncombe County, executed and recorded 29 August 1946. The deed recites: "The property herein was acquired by the party of the first part through foreclosure of tax lien." Plaintiffs went into possession of land in 1946 and continued in possession until 1963 when they were ousted by defendants.

Defendants deny that plaintiffs have any title or interest in the land, and assert that plaintiffs' "color of title" was divested by reason of the foreclosure of a subsequent tax lien (lien of taxes for the year 1946). Corporate defendant claims title by virtue of a deed from the

Board of Tax Supervision for Buncombe County, dated 20 May 1963.
Individual defendant is an agent of corporate defendant.

The land is described in plaintiffs' deed as follows:

". . . in Buncombe County, North Carolina, to wit: Beginning
on a chestnut tree, the beginning corner of lot number one, and
runs with the line of lot number one as follows: South 15 degrees
West 29 poles to a planted stone; thence South 1 degree West 45
poles to a stake in said S. P. Munday and Rice heirs line, corner
of lot number one; thence East with Munday and Rice heirs line,
24 poles to a stake; thence North 20 degrees East 90 poles to a
water oak in said Munday and Jump lines; thence North 87 de-
grees West 12 poles to a chestnut oak; thence North 86 degrees
West 35 poles to the beginning; and being the same property de-
scribed in a certain deed of record in Deed Book 469, page 221, in
the office of the Register of Deeds for Buncombe County, N. C.,
containing twenty acres, more or less, in Reems Creek Township."

The same description is incorporated in corporate defendant's deed by
reference.

The trial below proceeded upon the theory that the sole question for
determination is whether plaintiffs acquired ownership by adverse pos-
session under color of title.

There are thirty-five assignments of error. Defendants stress their
exception to the court's refusal to allow their motion for nonsuit. They
contend that plaintiffs introduced no proof that the description in their
deed fits the land they held in possession.

A deed offered as color of title is such only for the land designated
and described in it. *Norman v. Williams,* 241 N.C. 732, 86 S.E. 2d 593;
*Locklear v. Oxendine,* 233 N.C. 710, 65 S.E. 2d 673; *Barfield v. Hill,*
163 N.C. 262, 79 S.E. 677. "A deed cannot be color of title to land in
general, but must attach to some particular tract." *Barker v. Railway,*
125 N.C. 596, 34 S.E. 701. To constitute color of title a deed must con-
tain a description identifying the land or referring to something that
will identify it with certainty. *Carrow v. Davis,* 248 N.C. 740, 105 S.E.
2d 60; *Powell v. Mills,* 237 N.C. 582, 75 S.E. 2d 759. "Parol evidence
is admissible to fit the description to the land. G.S. 8-39. 'Such evidence
cannot, however, be used to enlarge the scope of the descriptive words.' "
*Baldwin v. Hinton,* 243 N.C. 113, 90 S.E. 2d 316. The purpose of parol
evidence is to fit the description to the property, not to create a de-
scription. *Thompson v. Umberger,* 221 N.C. 178, 19 S.E. 2d 484. Plain-
tiffs are required to locate the land by fitting the description to the
earth's surface. *Andrews v. Bruton,* 242 N.C. 93, 86 S.E. 2d 786. When
a party introduces a deed in evidence which he intends to use as color

of title, he must, in order to give legal efficacy to his possession, prove that the boundaries described in the deed cover the land in dispute. *Smith v. Fite,* 92 N.C. 319. He must not only offer the deed upon which he relies for color of title, he must by proof fit the description in the deed to the land it covers — in accordance with appropriate law relating to course and distance, and natural objects and other monuments called for in the deed. *Trust Co. v. Miller,* 243 N.C. 1, 89 S.E. 2d 765; *Skipper v. Yow,* 238 N.C. 659, 78 S.E. 2d 600; *Williams v. Robertson,* 235 N.C. 478, 70 S.E. 2d 692; *Locklear v. Oxendine, supra; Smith v. Benson,* 227 N.C. 56, 40 S.E. 2d 451.

The only evidence in the record, favorable to plaintiffs, bearing upon the boundaries and location of the land described in the deed is certain testimony of Harvey McDaris, one of the plaintiffs. This testimony is in substance as follows (the greater portion is copied from the record verbatim) : I am familiar with the lines of the property as contained in the deed introduced here. I had B. B. Bible, a surveyor, to go with me immediately after Marshall Orr and I got the deed. He went over the property with me. I had it surveyed. I was there with Mr. Bible. I knew him real well. He pointed out every corner to me on it. Defendants built a fence around it in 1963, put a narrow gate up and put a lock on the gate. The land lies north and south. It is more of a long strip of land. It goes down on the Reems Creek side below the spring quite a little ways and lies back up on the north side of the Rice Knob. The Scenic Highway runs through it. About a third of the property lies north of the highway. I did not mark the lines by putting a blaze on trees or anything like that. Mr. Bible pointed out each corner. I am not a surveyor. I had Mr. Bible survey the property. He didn't draw a map. He did not write up any report of that survey. Neither I nor Mr. Bible staked any corners. Mr. Bible knew the property. He told me he knew the property. Mr. Bible told me he had been on the property numbers of times and that he knew the property and could point out the corners to me. When he was on that property with me, he had his transit with him. Just the two of us together. Didn't have anyone else.

Mr. B. B. Bible was dead at the time of the trial below. Defendants introduced in evidence a deed (recorded in book 469, at page 221, of the Registry of Buncombe County) in their chain of title. It may be inferred from this deed that either B. B. Bible or his wife owned the land or an interest therein in 1934 and prior.

It was incumbent upon plaintiffs to show that the evidences of lines and corners on the land corresponded to the designations and descriptive terms in their deed. The description in plaintiffs' deed specifiies the lines and boundaries by courses and distances and refers to natural ob-

jects and monuments by which the property may be located and identified — "chestnut tree," "the beginning corner of lot number one," "the line of lot number one," "a planted stone," "S. P. Munday and Rice heirs line," "a water oak in Munday and Jump lines," "a chestnut oak." We find in the record no evidence tending to explain, locate or make certain the said calls and descriptive terms of the deed with relation to the land itself. Thus, plaintiffs failed to fit the description to the land according to the usual and accepted mode of trial procedure. *Duckett v. Lyda,* 223 N.C. 356, 26 S.E. 2d 918. We call attention to the following excerpt from the statement of facts in *Brown v. Hurley,* 243 N.C. 138, 139, 90 S.E. 2d 324.

> "The plaintiff offered the testimony of a surveyor and others, tending to fit the description contained in these deeds to the land claimed by him. There was evidence as to the location of corners, marked trees, and other natural objects. One line runs along the top of a ridge. Another line follows an old road. The property was surveyed in 1903, 1923, and in 1939, and the surveyor's markings were found and identified by the witnesses."

See also *Holmes v. Sapphire Valley Company,* 121 N.C. 410, 28 S.E. 545.

Plaintiffs' evidence permits the following inferences: B. B. Bible was a surveyor. In 1934 and prior thereto he, or his wife, owned or had an interest in the land in question. He knew the property and had been on it "numbers of times." He pointed out the corners to McDaris. As a consequence, McDaris is familiar with the lines of the property "as contained in the deed" of plaintiffs.

We are of the opinion that this constitutes some evidence that the description fits the land — more than a scintilla. *James v. R. R.,* 236 N.C. 290, 72 S.E. 2d 682. However, it is certainly the irreducible minimum of evidence on this essential point which will suffice to take plaintiffs' case to the jury. Furthermore, the testimony of McDaris that Bible surveyed the land and pointed out the corners to him, and that he, McDaris, is familiar with the lines of the property "as contained in the deed," was admitted over the objection of defendants. The evidence was not competent for the purpose of fitting the description to the land. ". . . evidence *dehors* the deed is admissible to 'fit the description to the thing' *only* when it tends to explain, locate, or make certain some call or descriptive term used in the deed. It is the deed that must speak. The oral evidence must only interpret what has been said therein." *Ducket v. Lyda, supra.* McDaris' statement that he was familiar with the boundaries "as contained in the deed," is a conclusion which the jury might draw from competent evidence, but the wit-

ness is not permitted to do so. *Memory v. Wells,* 242 N.C. 277, 87 S.E. 2d 497. Notwithstanding the incompetency of the testimony, we must consider it on the motion for nonsuit. Evidence erroneously admitted will nevertheless be considered on appeal in passing upon the sufficiency of plaintiff's evidence to withstand nonsuit, since the admission of such evidence may have caused plaintiffs to omit evidence of the same import. *Early v. Eley,* 243 N.C. 695, 91 S.E. 2d 919; *Midgett v. Nelson,* 212 N.C. 41, 192 S.E. 854.

On the first (adverse possession) issue, the court instructed the jury as follows:

". . . when you come to this first issue, members of the jury, you will remember that the plaintiff has the burden of proof on it and if the plaintiff has satisfied you by the greater weight of the evidence that they (1) received and recorded deed constituting color of title as the Court has instructed you as to the meaning of color of title, conveying the property described in the Complaint, and (2nd) that the plaintiffs have held said property continuously, adversely, notoriously, openly and extensively for a period of seven years following the recording of said deed, then it would be your duty to answer the first issue YES. If the plaintiffs have failed to so satisfy you, it would be your duty to answer the first issue NO."

The court erred in failing to charge that plaintiffs must also show that such possession was under known and visible lines and boundaries. G.S. 1-38. There must be known and visible boundaries such as to apprise the true owner and the world of the extent of the possession claimed. *Barfield v. Hill,* 163 N.C. 262, 79 S.E. 677. Nowhere in the charge did the court instruct the jury that there must be "known and visible lines and boundaries" or explain the meaning of this phrase. Defendants' exception to this omission is well taken, and they are entitled to a new trial.

Other assignments of error are not discussed. The matters involved may not arise upon a retrial.

New trial.