LESLIE S. BERCEGEAY AND ETHEL FOY BERCEGEAY v. SURFSIDE REALTY COMPANY, INC., GEORGE F. SPELL, LOUISE McEACHAN SPELL, W. B. McLEAN AND RUTH PAXON McLEAN
— AND —
CARROLL BOOTHBY AND MARCIA M. BOOTHBY v. SURFSIDE REALTY COMPANY, INC., GEORGE F. SPELL, LOUISE McEACHAN SPELL, W. B. McLEAN AND RUTH PAXON McLEAN

No. 723DC593

(Filed 20 December 1972)

**1. Rules of Civil Procedure § 15— trial as though statute of frauds pleaded**
    Appeal is treated as though the statute of frauds was specifically pleaded where the record discloses that the case was tried as though the statute of frauds was specifically pleaded. G.S. 1A-1, Rule 15(b).

Bercegeay v. Realty Co. and Boothby v. Realty Co.

2. **Vendor and Purchaser § 3— contract to convey — insufficiency of description**

The description of property in a purported contract to convey as "Block 36" and "Lot 12 Sound Front" is insufficient to satisfy the statute of frauds.

APPEAL by the individual defendants from *Whedbee, District Judge*, 20 March 1972 Session of CARTERET District Court.

Plaintiffs instituted these civil actions against the corporate and individual defendants to compel specific performance of purported contracts to convey real property.

On 13 May 1971 plaintiffs Bercegeay and plaintiffs Boothby filed substantially identical complaints against defendants, alleging in pertinent part as follows: On 18 May 1968 defendant George F. Spell (Spell), acting on his own behalf and as agent for the other defendants, executed written agreements with plaintiffs in which Spell agreed to sell two lots or parcels of real property to plaintiffs. As binding consideration for said sales plaintiffs paid $200.00 to Spell for himself and as agent for the other defendants. Plaintiffs have been and are ready, willing and able to perform their part of the agreements. They have tendered and do still tender compliance with terms and conditions of the said sale, but defendants fail and refuse to give to plaintiffs valid warranty deeds for the property in question.

Identical answers to the complaints were filed on 10 June 1971 denying the above allegations. Jury trial was waived by all parties and the two cases were consolidated for trial.

Evidence presented by plaintiffs tended to show: On 18 May 1968 the male plaintiffs talked with Spell, President of Surfside Realty Company, Inc. (Surfside) at the Surfside office in the Town of Emerald Isle, N. C., concerning the purchase of property fronting on Bogue Sound. Said plaintiffs, accompanied by Spell, went to the subject property, termed "Block 36," and Spell informed them that "seven (7) lots were already committed," but plaintiffs could measure from the property's beginning point (which Spell pointed out "give or take a few feet") distances of 75 feet (the size of each lot) and select two lots not previously committed. The lots had a purchase price of $3,000.00 each. Using a 100 foot steel tape, Bercegeay and Boothby measured 75 feet distances from the "starting point" and each picked a lot, marking the lot of his choice with "small wooden stakes." The two male plaintiffs returned to Spell's office

where they each paid a $100.00 deposit and received from Spell a written instrument reflecting the terms of purchase for Lot 12 and Lot 11 respectively. The written instrument given to plaintiffs Bercegeay is in words and form as follows:

(Printed)

"SURFSIDE REALTY CO., INC.

CHOICE BEACH PROPERTY

Route 1, Emerald Isle                    G. F. Spell, Pres.
Morehead City, N. C.                     Red Springs, N. C.

(In handwriting)                          5-18-68

Leslie S. Bercegeay and Ethel Foy Bercegeay
P.O. Box 209, Newport, N. C., Carteret County
Block 36
Lot 12 Sound Front

                                                    3000.00
                                      deposit        100.00
                                                    2900.00

$750.00 yr. at 6%

                          GEORGE F. SPELL"

The instrument given by Spell to plaintiffs Boothby is identical to that given the Bercegeays except for names and addresses and the Boothby's writing called for Lot 11.

At the time Bercegeay and Boothby made the purported agreement, the "Block 36" property had not been surveyed for division into lots and said property was reachable by driving down Salter Path Road to Bogue Inlet Drive, proceeding northerly along Bogue Inlet Drive to what is now Sound Drive, thence westerly up to what is now Block Drive and then proceeding on foot to the "Block 36" area. Neither Sound Drive nor Block Drive was a completed road on 18 May 1968.

Plaintiffs also introduced evidence tending to show: On 11 May 1968 one Claude L. Laterriere purchased property designated as Lot 1, Block 36, on Bogue Sound from Mr. Spell. Mr. Laterriere received from Spell a written memorandum of the purchase transaction similar to that received by plaintiffs, his memorandum providing for a payment of a $750.00 deposit on the $3,000.00 purchase price. Subsequently, on 5 November 1969 Mr. Laterriere and wife received a deed from the four

individual defendants conveying a lot 12½ feet east of the lot in "Block 36" that Mr. Laterriere had believed he purchased on 11 May 1968. On 14 May 1968 plaintiffs Bercegeay purchased Lot 3 in "Block 36" from Spell, the transaction being evidenced with a $100.00 deposit and receipt of a memorandum similar to that set forth above; plaintiffs Bercegeay received a deed dated 16 March 1970 from the individual defendants covering the lot agreed upon.

Plaintiffs called Spell as an adverse witness and he admitted the execution and signing of all documents attributed to him. He stated that he and W. B. McLean and others were shareholders in Surfside; that the subject property was owned by the individual defendants; that he did not have, and did not hold himself out as having, authority to make binding agreements regarding the property owned by the individual defendants; that all proposed sales of that property were made subject to defendant W. B. McLean's approval.

Defendants presented no evidence.

The trial court entered judgment (1) making detailed findings of fact as contended by plaintiffs, including a finding that the lots referred to in the paper writings from Spell to plaintiffs "are capable of location with the aid of extrinsic evidence"; (2) concluding as a matter of law that the actions against Surfside should be dismissed but that plaintiffs are entitled to specific performance of the contracts as against the individual defendants; and (3) ordering the individual defendants to execute and deliver to plaintiffs "good and sufficient warranty deeds" for specifically described lots. (Descriptions provided in the judgment are hereinafter set forth in the opinion.) The individual defendants appealed.

*Bennett and McConkey, P.A. by Thomas S. Bennett for plaintiff appellee.*

*Wheatly & Mason by C. R. Wheatly, Jr., for defendant appellants.*

BRITT, Judge.

Defendants contend that the descriptions set forth in the paper writings from defendant Spell to plaintiffs are not sufficient to support their actions for specific performance of contract.

[1]  Although the question is not raised in the briefs, we must decide at the outset if the statute of frauds is presented in these cases inasmuch as defendants did not plead the statute as an affirmative defense. In their answers defendants did deny the contracts.

Prior to 1 January 1970, the effective date of G.S. 1A-1 (Rules of Civil Procedure), it appears to have been settled case law in this jurisdiction that the defense of the applicable statute of frauds could be raised (1) by pleading the statute specifically, (2) by denying the contract, or (3) by alleging another or different contract. *Pickelsimer v. Pickelsimer*, 257 N.C. 696, 127 S.E. 2d 557 (1962); *Weant v. McCanless*, 235 N.C. 384, 70 S.E. 2d 196 (1952); *Yaggy v. B.V.D. Co.*, 7 N.C. App. 590, 173 S.E. 2d 496 (1970).

G.S. 1A-1, Rule 8(c), provides for pleading affirmative defenses and lists statute of frauds along with statute of limitations, res judicata, and certain other defenses that must be *specifically* pleaded. The official comment states: "At least one change in existing law is involved in the inclusion of the defense of statute of frauds in this listing." See also § 970.65, 1970 Pocket Parts, Volume 1, McIntosh, N. C. Practice and Procedure.

However, G.S. 1A-1, Rule 15(b) provides in pertinent part as follows: "When issues not raised by the pleadings are tried by the express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings."

While the cases at bar were tried without a jury and there were no formal issues, a review of the record discloses that the cases were tried as though the statute of frauds had been properly pleaded and the briefs addressed themselves to the question. We hold that Rule 15(b) applies here and this appeal is treated as though the statute of frauds had been specifically pleaded.

[2]  We now consider the sufficiency of the paper writings to support the plaintiffs' actions for specific performance of contract.

In Webster, *Real Estate Law in North Carolina*, § 121, p. 150, we find: "The memorandum or instrument required to satisfy the Statute of Frauds in a contract for the sale of land must contain a description of the land that is the subject of

the contract, either certain in itself, or capable of being reduced to a certainty by reference to something extrinsic to which the contract refers." See *Lane v. Coe,* 262 N.C. 8, 136 S.E. 2d 269 (1964) ; *Yaggy v. B.V.D. Co., supra.* Obviously, the instrument set forth above does not contain a description of the subject property sufficient in itself of certain location.

The only identifying factors set forth in the instrument from Spell to plaintiffs are "Block 36," a lot number, and "Sound Front." It is not clear from the instruments in question whether "Carteret County" is an extension of plaintiffs' address (Newport being located in Carteret County) or is meant as an identifying factor of the subject property. In either event, the instrument is vague and uncertain of description. It fails to describe with any certainty the property sought to be conveyed and contains no reference to anything extrinsic which is capable of making the description certain. *Builders Supplies Company v. Gainey,* 282 N.C. 261, 192 S.E. 2d 449 (1972) ; *Katz v. Daughtrey,* 198 N.C. 393, 151 S.E. 879 (1930). Parol evidence is admissible to fit a description to land, *McDaris v. "T" Corporation,* 265 N.C. 298, 144 S.E. 2d 59 (1965) ; but parol evidence is not to be used to "enlarge the scope of the descriptive words," *Baldwin v. Hinton,* 243 N.C. 113, 90 S.E. 2d 316 (1955). "The purpose of parol evidence is to fit the description to the property, not to create a description." *McDaris v. "T" Corporation, supra.*

The record discloses no map or plat containing a "Block 36." The judgment requires defendants to convey to plaintiffs Bercegeay a warranty deed conveying the following described premises :

In the Town of Emerald Isle, Carteret County, North Carolina; Beginning at a point in the Northern right of way margin of Sound Drive which point is located S 78-39W, 825 feet from a concrete monument located at the Southeast corner of Lot No. One (1), Section "A," as described in Map Book 7, page 89, Carteret County Registry, said map being entitled, "Map of Section Three (3), Emerald Isle and being a portion of Block 260," and running thence N 6-15 W to the highwater mark of Bogue Sound; running thence in a westwardly direction with the highwater mark of Bogue Sound a distance of 75 feet; running thence S 6-15 E to the Northern right of way margin of Sound Drive; running thence N 78-39 E with the

Northern margin of Sound Drive, 75 feet to the point of beginning.

The judgment requires defendants to execute and deliver to plaintiffs Boothby a warranty deed conveying lands particularly described as set out above except that the beginning point is 750 feet from "a concrete monument."

We hold that the paper writings from defendant Spell to plaintiffs did not "contain a description of the land that is the subject of the contract, either certain in itself, or capable of being reduced to certainty by reference to something extrinsic *to which the contract refers.*" We perceive no way that the paper writings can justify the descriptions of lots set forth in the judgment.

For the reasons stated, the judgment appealed from is

Reversed.

Chief Judge MALLARD and Judge BROCK concur.