FRANCIS R. QUIS v. HOWARD GRIFFIN AND WIFE, WILMA J. GRIFFIN

No. 7823DC973

(Filed 31 July 1979)

1. **Rules of Civil Procedure § 55.1— refusal to allow belated answer and counterclaim after default entry**

    The trial court did not abuse its discretion in refusing to permit defendants to file an answer and counterclaim after an entry of default had been entered where defendants did not show any cause for setting aside the entry of default. G.S. 1A-1, Rule 55(d).

2. **Trespass § 6— action for trespass—competency of deed**

    In a hearing to determine damages for trespass to plaintiff's property, the trial court did not err in admitting plaintiff's deed to the property in question.

3. **Jury § 1.3— waiver of jury trial—failure to assert right**

    Defendants waived a jury trial where their only request for a jury trial was contained in an answer and counterclaim which the court refused to permit them to file belatedly, and defendants did not call the court's attention to their demand for a jury trial.

4. **Trespass § 6— action for trespass—missing and damaged property**

    In an action to recover damages for trespass to plaintiff's property, plaintiff was properly allowed to testify as to items missing from the property and damages to the items.

APPEAL by defendants from *Davis, Judge*. Judgment entered 22 June 1978 in District Court, WILKES County. Heard in the Court of Appeals 27 June 1979.

Plaintiff filed his complaint on 21 February 1978 (along with interrogatories attached thereto), alleging that he had suffered damages due to the acts of defendants in trespassing upon and cutting timber from his property. On 30 March 1978, an affidavit was filed showing that defendants had failed to file an answer to plaintiff's complaint in the time provided by law. On the basis of this affidavit, the Clerk of Superior Court made an entry of default. On the same day, a motion for default judgment was filed by plaintiff pursuant to Rule 55 of the Rules of Civil Procedure.

On 10 April 1978, defendants filed a motion requesting an extension of time until 15 May 1978 to file an answer. At the 8 June 1978 civil non-jury session of the District Court, a hearing was held. At the beginning of this proceeding, attorney for plaintiff stated that this case was before the court on the question of damages since an entry of default had been entered. Counsel for defendants objected, requesting that their motion for delay in allowing them to file an answer and counterclaim be granted. The court overruled defendants' motion.

Plaintiff testified to facts tending to support the allegations in his complaint. A deed, made to plaintiff on 29 November 1968 showing ownership of the land in question, was introduced into evidence. The court entered judgment in favor of plaintiff as to the ownership of the land but granted only nominal damages of $25.00. Defendants appealed.

*Max F. Ferree, by William C. Gray, Jr. and George G. Cunningham, for plaintiff appellee.*

*Franklin Smith, for defendant appellants.*

ERWIN, Judge.

Defendants made twelve assignments of error in their record on appeal and present them in four arguments in their brief. We find no error in the trial and affirm the judgment entered by the trial jduge.

[1] Question No. I. Did the trial court commit error in conducting the trial without allowing defendants to file answer and counterclaim after the time within which the defendant may answer or otherwise plead had expired and entry of default had been entered by the clerk? We answer, "No."

At the outset, we note that defendants did not move to set aside the entry of default or file any pleading relating thereto. We also note that defendants were served with summons on 27 February 1978, and that 42 days later, attorney for defendants filed a motion seeking an extension of time until 15 May 1978 in which to file answer or otherwise plead and to answer interrogatories which had been filed by plaintiff. We note that defendant did not file answer by 15 May 1978.

The record shows the following:

"MR. SMITH: Your Honor, we'd like to OBJECT for the record and move for the record that the Court in its discretion allow the defendant time in which to file his answer and counterclaim in this cause and that is done, the motion is made, Your Honor, without—for the purpose of asserting the meritorious defense in this case. It's not made for purpose of delaying the matter and we ask the Court and address it to the Court's discretion that the Court allow the defendant to file his answer and counterclaim. As we see it, that would not delay the proceedings, Your Honor.

COURT: Motion is OVERRULED. Go ahead.

EXCEPTION NO. 1"

When an entry of default has been made by the Clerk of Superior Court, a motion to set aside and vacate the entry is governed pursuant to Rule 55(d) of the Rules of Civil Procedure which provides: "*Setting aside default.*—For good cause shown the court may set aside an entry of default, and, if a judgment by default has been entered, the judge may set it aside in accordance with Rule 60(b)."

We hold that the trial judge did not abuse his discretion on the record before us. Defendants did not show any cause for setting the judgment aside. *Hubbard v. Lumley*, 17 N.C. App. 649, 195 S.E. 2d 330 (1973), and *Whaley v. Rhodes*, 10 N.C. App. 109, 177 S.E. 2d 735 (1970).

[2] Question No. II. Did the trial court commit error in admitting plaintiff's deed to the property in question into evidence at the trial? We find no error.

In *Jones v. Cohen*, 82 N.C. 75, 80-81 (1880), our Supreme Court held, with Chief Justice Smith speaking for the Court: "In ejectment, any deed produced as a link in the chain of title may be attacked and invalidated by showing incapacity in the maker; and this, without any record specification of the nature of the obligation."

In *McDaris v. "T" Corporation*, 265 N.C. 298, 300, 144 S.E. 2d 59, 61 (1965), our Supreme Court held:

"A deed offered as color of title is such only for the land designated and described in it. *Norman v. Williams*, 241 N.C. 732, 86 S.E. 2d 593; *Locklear v. Oxendine*, 233 N.C. 710, 65 S.E. 2d 673; *Barfield v. Hill*, 163 N.C. 262, 79 S.E. 677. 'A deed cannot be color of title to land in general, but must attach to some particular tract.' *Barker v. Railway*, 125 N.C. 596, 34 S.E. 701. To constitute color of title a deed must contain a description identifying the land or referring to something that will identify it with certainty. *Carrow v. Davis*, 248 N.C. 740, 105 S.E. 2d 60; *Powell v. Mills*, 237 N.C. 582, 75 S.E. 2d 759. 'Parol evidence is admissible to fit the description to the land. G.S. 8-39. "Such evidence cannot, however, be used to enlarge the scope of the descriptive words." ' *Baldwin v. Hinton*, 243 N.C. 113, 90 S.E. 2d 316. The purpose of parol evidence is to fit the description to the property, not to create a description. *Thompson v. Umberger*, 221 N.C. 178, 19 S.E. 2d 484. Plaintiffs are required to locate the land by fitting the description to the earth's surface. *Andrews v. Bruton*, 242 N.C. 93, 86 S.E. 2d 786."

Defendants had an opportunity to attack the deed in question on cross-examination. The court found, as a fact, that plaintiff purchased the property as described in the deed in question; and after purchase, she went into possession of the property and the house thereon, said house being located on the land in issue in this action; and that the property was surveyed with the property line marked. We hold that the evidence presented by plaintiff was competent and supports the finding of fact by the trial judge. Where jury trial is waived, as here, findings of fact supported by competent evidence are conclusive on appeal. *Transit, Inc. v. Casualty Co.*, 285 N.C. 541, 206 S.E. 2d 155 (1974), and *Cogdill v. Highway Comm. and Westfeldt v. Highway Comm.*, 279 N.C. 313, 182 S.E. 2d 373 (1971). This assignment of error is without merit.

[3]  Question No. III. Was it error for the trial court to refuse to impanel a jury as requested in defendants' purported answer and counterclaim? We find no merit in this assignment of error. The record does not reveal that attorney for defendants called the court's attention to their demand for jury trial. Plaintiff did not request a jury trial.

To us, a jury trial was waived by the parties. Defendants had the duty to state to the court, "We demand a jury trial." The trial court would have ruled on defendants' request. The burden is on defendants to show that they requested a jury trial as provided for by the rules, and that the trial court failed to follow the rules. The record does not bear out the contentions of defendants. The assignment of error is overruled.

[4]  Question No. IV. Was it error for the court to allow plaintiff to testify as to the items missing from the property and to the damages of the items? This question is purported to be based upon Exceptions Nos. 2, 3, 4, 5, 10, and 11. Our study of the record does not show these exceptions relate to the question posed by defendants. Suffice it to say that a witness may testify to information of which he or she may have personal knowledge. We find no error in this last assignment of error.

Judgment affirmed.

Chief Judge MORRIS and Judge CLARK concur.