E. I. DU PONT DE NEMOURS & COMPANY v. ALLISON L. MOORE AND MYRON R. MOORE

No. 8129SC663

(Filed 4 May 1982)

**Adverse Possession § 24— limiting surveyor's testimony—error**
    Plaintiff's surveyor, in an action to quiet title among other things, should have been allowed to describe the distance errors in the complaint description and to explain that a deed referred to in plaintiff's deed and the complaint contained correct descriptions of the tract claimed and used by the surveyor in making his survey and plat.

APPEAL by plaintiff from *Howell (Ronald), Judge.* Judgment entered 31 July 1980 in Superior Court, TRANSYLVANIA County. Heard in the Court of Appeals 2 March 1982.

Plaintiff alleged ownership of a particularly described tract of land, containing 267.68 acres, and located on top of Rich Mountain. Plaintiff alleged trespass, action to remove cloud from title, and slander of title.

Defendants in their answer admitted entry upon the described lands and claimed a majority interest; in their prayer for relief defendants prayed that plaintiff be adjudicated the owner of a one-eighth interest in the tract.

At trial without a jury the plaintiff introduced in evidence various deeds, which took its chain of title back to 1956. Several witnesses testified as to possession of the tract by plaintiff and its predecessors in title. Perry Raxter, a licensed land surveyor, testified that he made a survey of the lands for the plaintiff in 1977, that the description in the complaint was erroneous in that several distance calls were excessive but that deeds in the claim of title to plaintiff referred to the described tract as being the same land described in a deed from J. H. Cagle to M. S. Thomas, dated 17 November 1968, and that the Cagle deed described the same land as that described in State Grants Nos. 123 and 181, made to Clinton Moore in 1846, and that he based his survey on these two grants, which was the same land as that described in the complaint.

At the end of Raxter's testimony plaintiff moved to amend its complaint to allege a Fourth Cause of Action to remove cloud from title to its tract as described on the plat made by Raxter based on his 1977 survey. The motion was denied at that time but was allowed at the close of plaintiff's evidence.

Defendants' motion for directed verdict was denied. Defendants rested and renewed their motion, which was denied. Judgment was thereafter entered in which the trial court made extensive findings of fact and conclusions of law and then dismissed the action. Plaintiff's motions to amend the findings and for a new trial were denied.

*Ramsey, Smart, Ramsey & Hunt by Ralph H. Ramsey, Jr., for plaintiff appellant.*

*Paul B. Welch, III, for defendant appellees.*

CLARK, Judge.

The trial court's judgment dismissing plaintiff's claims was based on the conclusion that plaintiff had failed by proof to fit the description in its complaint and deed to the land it covers and had failed to prove title by adverse possession. Plaintiff excepted to this conclusion and the various findings of fact tending to support it and assigned error.

Plaintiff offered in evidence two duly recorded State Grants to Clinton Moore, as follows: first, Grant No. 123, dated 6

December 1844; and, second, Grant No. 181, dated 31 December 1846. The various deeds, wills and other muniments of title offered into evidence by plaintiff failed to show a connected chain of title from the two Moore grants to plaintiff, but plaintiff did offer competent evidence that the land described in its complaint and deed was the same land described in the two Moore grants. Plaintiff's connected chain of title began in deeds dated in September 1956. Having failed to prove a connected chain of title from the State, plaintiff attempted to show title by adverse possession, by methods (2), (3), and (4), as listed in *Mobley v. Griffin*, 104 N.C. 112, 10 S.E. 142 (1889).

To show title the adverse possession must be under known and visible lines and boundaries. *McDaris v. "T" Corporation*, 265 N.C. 298, 144 S.E. 2d 59 (1965); *Scott v. Lewis*, 246 N.C. 298, 98 S.E. 2d 294 (1957); *Lindsay v. Carswell*, 240 N.C. 45, 81 S.E. 2d 168 (1954). In *McDaris*, where the plaintiff's claim of ownership was based on adverse possession, the court stated: ". . . he must by proof fit the description in the deed to the land it covers—in accordance with appropriate law relating to course and distance, and natural objects and other monuments called for in the deed." *McDaris, supra*, at 301, 144 S.E. 2d at 61. The court found that the burden of fitting the description to the land, sufficient to take the case to the jury, was carried by plaintiff's evidence that a surveyor had owned the land and been on it a number of times, that the surveyor had pointed out the corners to the plaintiff, and that plaintiff was familiar with the property described in his deed and the complaint.

Plaintiff in its original complaint alleged three causes of action: trespass, action to quiet title, and slander of title. At the close of plaintiff's evidence the trial court allowed plaintiff to file an "Amendment to Complaint," which was in effect a restatement of and substitution for its original action to quiet title, differing from the original in that the land claimed by plaintiff was described in accordance with the map based on the survey made by Perry R. Raxter, licensed surveyor, in 1977.

There were marked differences in the description contained in the original complaint and the description based on the 1977 map. The complaint description was the same as that in the deed to plaintiff from Frank Coxe and others in 1956. Raxter testified

that there were errors in the deed (and complaint) description, primarily as to distances, but that if these distances were controlled by natural or artificial monuments which he found at the corners, the deed (and complaint) description would be substantially the same as his map description, and that the tract described in the original complaint and the tract as shown on his 1977 map were in fact the same.

Raxter attempted to testify that there were errors in the complaint description in that the distance calls for several lines were too long. The trial court stated: "There is no showing here that this description is erroneous. You are trying to impeach your own description." If Raxter had been permitted to answer he would have testified that the distance errors were obvious and that a survey according to the complaint description would have resulted in encroachment upon the lands of adjoining owners; that following the complaint and deed description was the provision that the land was "the same property described in a deed from Cagle to Thomas, dated November 17, 1868, and recorded in Book 1, page 452 . . ."; that the Cagle deed described the same two tracts of land described in the two State grants, Nos. 123 and 181, to Clinton Moore; that he surveyed the lands by the descriptions of the adjoining tracts in these two State grants; and that the amended description based on his survey and map was the same land as that described in the complaint if natural objects and monuments controlled the distances.

Plaintiff moved to be allowed to amend the complaint to set up an additional cause of action alleging that plaintiff was the owner of lands as shown on the Raxter plat. The motion was denied with leave to make it at the close of all the evidence.

It is difficult to determine from the record on appeal what part of the testimony of Raxter was admitted and considered by the trial court, but it does appear that plaintiff was restricted, if not prohibited, in offering evidence by its surveyor or tending to connect the description in the complaint and fit it to the land it covers. First, Raxter should have been allowed to describe the distance errors in the complaint description and to explain that the Cagle deed, referred to in plaintiff's deed and the complaint, and the two State grants contained correct descriptions of the tract claimed and were used by him in making his survey and plat.

A reference to another deed may control a particular description. *Quelch v. Futch*, 172 N.C. 316, 90 S.E. 259 (1916). The fact that the descriptions in deeds forming the chain of title are not identical is not material if the differing language may in fact fit the same body of land, and if it is apparent from an examination of the descriptions in the several deeds that the respective grantors intended to convey the identical land, effect will be given to the intent. *Skipper v. Yow*, 249 N.C. 49, 105 S.E. 2d 205 (1958); 2 Strong's N.C. Index 3d, *Boundaries*, § 1 (1976).

Too, in making his survey Raxter correctly followed accepted boundary law in recognizing as inaccurate some of the distances called for in the complaint description, also the identical description in the deed to plaintiff, and in basing his survey on the control of natural and artificial monuments, [*Cutts v. Casey*, 275 N.C. 599, 170 S.E. 2d 598 (1969)], and the control of definite or established corners. *Tice v. Winchester*, 225 N.C. 673, 36 S.E. 2d 257 (1945).

This case does not involve a boundary dispute. Defendants in their answer admitted that plaintiff owned an interest in the lands described in the complaint. In attempting to establish title by adverse possession under color of title for seven years or twenty years under known and visible lines and boundaries, plaintiff had the burden of fitting the description of the land it claimed to the land it covered. The trial court should have allowed plaintiff's witness Raxter, a licensed land surveyor, to testify for this purpose.

The judgment must be reversed and the action remanded for a new trial on both the trespass claim and the claim to remove cloud from title. Plaintiff having failed to offer proof of malicious defamation of title by defendants, the third claim for slander of title was properly dismissed. *See Texas Co. v. Holton*, 223 N.C. 497, 27 S.E. 2d 293 (1943); *Cardon v. McConnell*, 120 N.C. 461, 27 S.E. 109 (1897).

We note that the claim to remove cloud from title in the case *sub judice* is similar to *Development Co., Inc. v. Phillips*, 278 N.C. 69, 178 S.E. 2d 813 (1971), in that in both cases defendants asserted that the parties were tenants-in-common, and the court in *Development Co., Inc.* found that the defendants' admission of plaintiff's interest in the land was sufficient to give plaintiffs

---

**E. I. du Pont de Nemours & Co. v. Moore**

---

standing in court to challenge defendants' claim as a cloud upon title.

We also note that in its judgment the trial court found that the court ". . . allowed Plaintiff to substitute the description as illustrated or depicted on Plaintiff's Exhibit No. 4 in lieu of the description set forth in Paragraph III of the Complaint." The record reveals, however, that the amendment stated a Fourth Claim which was the same as the Second Claim for removal of cloud on title except that description was the same as shown on the plat (Plaintiff's Exhibit No. 4) rather than the description contained in Paragraph 3 of the Complaint. It now appears from the record that plaintiff alleges a (First) claim for trespass and a (Second) claim to remove cloud from title, both using the description in the deeds to plaintiff, and a (Fourth) claim to remove cloud from title using the survey and plat description. It appears that plaintiff is claiming ownership of the tract of land described in the deeds made to it, that plaintiff has the burden of fitting the description in its deeds to the land it covers, that plaintiff carried this burden by offering evidence that the complaint (and deed) description contained distance errors which were corrected by the survey and shown on the plat (Plaintiff's Exhibit No. 4), and that the land described in the complaint was the same land shown on the survey plat. The amendment to the complaint alleging the Fourth Claim and using the survey description is neither necessary nor appropriate.

The judgment is reversed, except for the dismissal of the Third Claim for slander of title, and the cause is remanded for a new trial.

Affirmed in part; reversed in part and remanded for a new trial.

Judges ARNOLD and WEBB concur.