ANNIE E. VICK, KATE A. TICKLE, BEN E. VICK, JAMES R. VICK, AND EMMA VICK DIXON v. MARGARET W. WINSLOW, C. J. WINSLOW, E. C. WINSLOW, TRUSTEE, AND J. H. VICK.

(Filed 26 February, 1936.)

**1. Quieting Title A b—**

In an action under C. S., 1743, to remove cloud upon title it is not required that plaintiffs show possession of the land in controversy.

**2. Quieting Title B d—Plaintiffs' evidence showing prima facie title in them and that defendants' title is void as to plaintiffs held sufficient to overrule defendants' motion to nonsuit.**

In this action to remove cloud upon title, plaintiffs made out a *prima facie* case by showing that they are the ulterior beneficiaries under the will of the common source of title, and then introduced in evidence a decree confirming sale of the land to make assets by the executor of the testator under whose will they claim, deed made pursuant to the sale, quitclaim deed from the purported heirs of the grantee in the commissioner's deed, a deed of trust from the grantee in the quitclaim deed, and a foreclosure deed of the deed of trust, defendants being the trustor, trustee and *cestui* in the deed of trust, and the purchaser at the sale. *Held:* Plaintiffs' evidence did not disclose that they were made parties to the proceedings to sell land to make assets, or that the grantors in the quitclaim deed were the heirs at law of the grantee in the commissioner's deed, or that the grantee in the commissioner's deed was dead, and defendant's motion to nonsuit was erroneously granted, plaintiffs being entitled to go to the jury upon the evidence establishing a *prima facie* record title in themselves, and that the decree and deeds by and through which defendants claim were void as to plaintiffs.

DEVIN, J., took no part in the consideration or decision of this case.

APPEAL by the plaintiffs from *Moore, Special Judge,* at April Term, 1935, of EDGECOMBE. Reversed.

*H. H. Philips for plaintiffs, appellants.*
*George M. Fountain and Henry C. Bourne for defendants, appellees.*

SCHENCK, J. This is an action, brought under C. S., 1743, by the plaintiffs against the defendants, who it is alleged claim an estate or interest in the real estate described in the complaint adverse to the plaintiffs for the purpose of determining such adverse claim, wherein the plaintiffs and defendants claim from a common source, namely, J. B. White.

The plaintiffs introduced in evidence the will of J. B. White, which was admitted to probate on 30 May, 1891, and devises the land in controversy to his wife, Charlotte White, for her lifetime and to T. H. Cherry after the death of his wife to hold in trust for the use and benefit of his daughter, Mary Vick, during her life, and after her death "to such child or children as my said daughter may have living at the time of her death, or may have issue born of their bodies, such issue to stand in the place of and take such share as his or her parent would have taken had such parent been living at the time of the death of my said daughter." Miss Annie Vick, one of the plaintiffs, testified that her mother was the Mary Vick mentioned in the will of J. B. White, and that the children of the said Mary Vick were herself, Kate Tickle, Emma Vick Dixon, Ben Vick, and James R. Vick, making five in all, all being plaintiffs in this action, and that her mother had only three other children, all of whom died in infancy; that J. B. White was her grandfather and was dead, and that Mary Vick, her mother, died on 2 March, 1910, and that Charlotte White, widow of J. B. White, died on 22 April, 1898, and that Thomas H. Cherry, named in the will of J. B. White as trustee and executor, has been dead for more than 16 years. This evidence makes out a *prima facie* record title in the plaintiffs.

The plaintiffs further introduced in evidence (1) a decree dated 7 May, 1892, in the case of Thomas H. Cherry, executor of J. B. White, against Charlotte White, Calvin Savage and wife, Bettie, Rebecca Savage and Lafayette Savage, confirming a sale made by Thomas H. Cherry, as commissioner to sell the land in controversy, to M. L. Woolard, and directing him, upon the payment of the purchase money, to apply the same to the charges of administration and the debts of the estate of J. B. White; (2) a deed for said land from Thomas H. Cherry, commissioner, made pursuant to said decree, to M. L. Woolard, dated 10 May, 1892; (3) a quitclaim deed from Ida M. Adams, guardian of Jacquelin Woolard and Soloman Woolard to J. H. Vick, for the land in controversy, dated 28 March, 1901; (4) a deed of trust with power of sale from J. H. Vick to E. C. Winslow, trustee for C. J. Winslow, dated 1 April, 1916; and (5) a foreclosure deed from E. C. Winslow, trustee, to Margaret W. Winslow, dated 24 March, 1926.

The plaintiffs rested their case and the defendants moved for a judgment as of nonsuit, which motion was sustained, and from the judgment entered accordingly the plaintiffs appealed, assigning errors.

The evidence fails to establish such adverse possession, either in the plaintiffs or defendants, as would ripen into title, but since this action was instituted under C. S., 1743, the plaintiffs did not have to rely upon possession to maintain it. *Hoke, J.,* in *Satterwhite v. Gallagher,* 173 N. C., 525 (528), in writing of the statutes which are codified as C. S., 1743, says: "Having reference to the broad and inclusive language of the statute, the mischief complained of and the purpose sought to be accomplished, we are of opinion that the law, as its terms clearly import, was designed and intended to afford a remedy wherever one owns or has an estate or interest in real property, whether he is in or out of possession, and another wrongfully sets up a claim to an estate or interest therein which purports to affect adversely the estate or interest of the true owner and which is reasonably calculated to burden and embarrass such owner in the full and proper enjoyment of his proprietary rights, including the right to dispose of the same at its fair market value." See, also, *Speas v. Woodhouse,* 162 N. C., 66; *Plotkin v. Bank,* 188 N. C., 711.

The proceeding in which the decree was rendered confirming the sale of the land in controversy to make assets to pay the cost of administration and the debts of the estate of J. B. White by its caption tends to show that the plaintiffs in this action were not parties thereto, and the plaintiffs testified that they had never been served with any process therein. Likewise, there is nothing in the record to show that Jacquelin Woolard and Soloman Woolard were the heirs at law of M. L. Woolard, the grantee in the deed made pursuant to said decree. Indeed, there is nothing in the record to establish the fact that M. L. Woolard, grantee in said deed, is dead, or that he ever conveyed the land in controversy to Jacquelin Woolard and Soloman Woolard, or to any other person. Therefore, it does not follow that the decree and deeds introduced in evidence by the plaintiffs establish the title of J. H. Vick, and of E. C. Winslow, trustee, and of Margaret W. Winslow, as contended by the defendants. Such decree and deeds, standing alone, tend to show only a cloud upon the title of the plaintiffs, which they seek in this proceeding to have removed.

The plaintiffs having offered evidence establishing a *prima facie* record title in themselves to the land in controversy, and evidence tending to show that the decree and deeds by and through which the defendants claim are void as to the plaintiffs and constitute a cloud upon the title of the plaintiffs, we hold that his Honor erred in granting the de-

fendants' motion for judgment as of nonsuit, and that the plaintiffs are entitled to have the case submitted to the jury upon the evidence produced.

Reversed.

DEVIN, J., took no part in the consideration or decision of this case.