CLARA MAE BALDWIN, LUCILLE BALDWIN AND WILLIE JAMES BALD-
    WIN, AND CLARA MAE BALDWIN, NEXT FRIEND OF MARY FRANCES
    BALDWIN MOTEN AND HUSBAND, J. W. MOTEN, AND LEOLA BALD-
    WIN, MINORS, V. G. C. HINTON AND WIFE, EUNICE W. HINTON.

(Filed 23 November, 1955.)

**1. Quieting Title § 1: Ejectment § 10—**

Even though an action is nominally to remove cloud from title, where defendants are in actual possession, and plaintiffs seek to recover possession, the action in essence is in ejectment.

**2. Partition § 6—**

A parol partition by tenants in common is not void, but is voidable only by the parties thereto or their heirs or assigns.

**3. Tenants in Common § 8—**

While one tenant in common may recover judgment for trespass only for his proportionate part of the damages, one tenant in common may recover possession of the entire tract in an action in ejectment against a third party.

**4. Appeal and Error § 2—**

An appeal does not lie from the denial of a motion for judgment on the pleadings.

**5. Judgments § 33f: Courts § 5—**

In an action involving the validity of a deed of trust, attacked on the ground of insufficiency of the description, denial of plaintiffs' motion for judgment on the pleadings does not preclude another Superior Court judge, on the hearing on the merits, from adjudicating the sufficiency of the description, when plaintiffs' allegation of ownership is denied in the answer and thus an issue of fact for the jury is raised by the pleadings, certainly when the motion for judgment on the pleadings relates to the original pleadings and amended pleadings are filed by permission of the court without objection.

**6. Boundaries § 5a—**

An instrument conveying an interest in land must contain a description sufficiently definite to identify the land, either in itself or by reference to some source *aliunde*, pointed out in the instrument. G.S. 8-39.

**7. Same: Mortgages § 4—**

A deed of trust describing the land as located in a certain township and settlement, and consisting of 10.65 acres, more or less, is void for insufficiency of the description, nor is reference in the instrument to the item of a will disclosing that the trustor was devised a 19-acre tract on the west end of a 54-acre tract a sufficient aid to the description when it appears that the trustor had been allotted 19 acres in the center of the 54-acre tract, and intended to convey a part of such tract as security.

**8. Ejectment § 19—**

Ordinarily, an action in ejectment must be dismissed when the land in controversy is not identified in the pleadings or the stipulations of the parties, but where the parties stipulate that plaintiffs were in possession of a certain 5-acre tract staked off, and that defendants are now in possession thereof, and no contention is made as to the identity of the 5-acre tract, judgment for plaintiffs will be vacated and the cause remanded for identification of the land so that judgment may be entered affirmatively adjudicating plaintiffs' title to an identified tract.

HIGGINS, J., took no part in the consideration or decision of this case.

APPEAL by defendants from *Sharp, Special J.,* September Term, 1955, of JOHNSTON.

Civil action commenced 7 June, 1954, to determine ownership of, and for an accounting for rents and profits from, a 5-acre tract of land in possession of defendants, heard by the court below upon *amended* complaint and answer and stipulated facts.

Atlas Richardson owned a tract of 54 acres, more or less, in Selma Township, Johnston County, when he died, testate, about 1912. He devised to each of his three daughters, Millie Stancil, Loumenda Richardson and Claudia Watson, a life estate in 19 acres of said 54-acre tract, with provisions as to remainder. The Millie Stancil tract was identified as 19 acres "to be surveyed and cut from the eastern portion of said tract of land." The Loumenda Richardson tract was identified as 19 acres "to be cut and surveyed as to be in the center of the tract including the house and premises." The Claudia Watson tract was identified as 19 acres "on the west end" of said tract.

Plaintiffs, except J. W. Moten, are the heirs of Claudia Mary Etha Baldwin, the daughter and only child of Loumenda Richardson. They allege that Claudia Mary Etha Baldwin, their mother, became owner of the 5 acres, not by inheritance from Loumenda Richardson, her mother, but that, under the provisions of Atlas Richardson's will, Claudia Mary Etha Baldwin and the four children of Millie Stancil became owners of the 19 acres devised to Claudia Watson, who died, without children, on 3 March, 1938; and that thereafter the said 19 acres were divided as between the five tenants in common and the 5 acres in controversy allotted to Claudia Mary Etha Baldwin in ex-

change for her undivided one-fifth interest in the other 14 acres of said 19-acre tract.

In their original complaint, plaintiffs alleged ownership of an undivided interest in the 19 acres *on the west end* of said tract of 54 acres, more or less. Answering, defendants denied plaintiffs' said allegation; and defendants further alleged the ownership by them, in consequence of their purchase upon foreclosure of a deed of trust executed by Claudia Mary Etha Baldwin, of plaintiffs' interest in the Atlas Richardson land.

Upon these original pleadings, plaintiffs moved (1) for appointment of a receiver to take charge *pendente lite,* and (2) for judgment on the pleadings. At September Term, 1954, an order was entered by Judge Bone denying plaintiffs' said motions, to which plaintiffs excepted. At January Term, 1955, on plaintiffs' motion and without objection by defendants, Judge Martin allowed the parties to file amended pleadings. Under the *amended* pleadings, the land in controversy is a 5-acre tract, a part of the 19 acres *in the center* of said Atlas Richardson tract of 54 acres, more or less.

When the cause came before Judge Sharp for final hearing, defendants contended that Judge Bone's said order denying plaintiffs' motion for judgment on the original pleadings was, in effect, a ruling that the description in the deed of trust, foreclosure advertisement and trustee's deed, under which defendants claimed ownership, which had been attacked by plaintiffs as void because of uncertainty, was sufficient; and that, since plaintiffs did not perfect an appeal from Judge Bone's order, Judge Sharp was bound by Judge Bone's ruling. Judge Sharp rejected this contention. Thereupon, after excepting to this ruling by Judge Sharp and expressly reserving their position with reference to the significance of Judge Bone's order, plaintiffs and defendants agreed upon the facts. A summary of the facts stipulated is set out below.

1. The widow of Atlas Richardson died about 1922. Shortly thereafter, Millie Stancil, Loumenda Richardson and Claudia Watson made a parol partition of the Atlas Richardson land. It was disclosed by survey then made that "the house and premises" were on the 19 acres *on the west end* rather than on the 19 acres *in the center* of the Atlas Richardson land. For this reason, in the parol partition of 1922, it was agreed that Millie Stancil owned the 19 acres *on the east end;* that Loumenda Richardson owned the 19 acres *on the west end,* on which "the house and premises" were located; and that Claudia Watson owned the 19 acres *in the center.* Since then, "each of said daughters, or their heirs or assigns, has been in continuous, open and notorious adverse possession of their respective tracts, claiming the same against the world

and against each other, until the defendants took possession of the lands in controversy in May, 1954."

2. It was stipulated that upon the death of Claudia Watson, without children, on 3 March, 1938, "the children of Millie Stancil and Loumenda Richardson became the owners in fee simple of the 19 acres in the center of said 54-acre tract, and each child owned one-fifth undivided interest."

3. Thereafter, about 1949, Claudia Mary Etha Baldwin and the four children of Millie Stancil made a parol partition of the 19 acres, formerly owned by Claudia Watson, located *in the center* of said 54-acre tract. In this parol partition, it was agreed that the children of Millie Stancil owned the 14 acres on the east side, adjoining the original 19-acre tract of Millie Stancil, and that Claudia Mary Etha Baldwin owned the 5 acres on the west side of the 19 acres in the center of the Atlas Richardson land. Pursuant to this parol partition of 1949, the 14-acre tract and the 5-acre tract, respectively, were "surveyed and properly set forth and designated on the ground by stakes, metes and bounds." Thereupon, Claudia Mary Etha Baldwin went into possession of the 5-acre tract, and was in possession thereof at the time of the execution of the deed of trust referred to in the next paragraph.

4. On 28 November, 1952, (Claudia) Mary Etha Baldwin and husband, John W. Baldwin, executed a deed of trust to A. M. Noble, Trustee, which was duly recorded, securing an indebtedness of $436.22 to W. S. Hicks, which deed of trust purported to convey land described therein as follows:

"Being a tract of land in Selma Township, in the settlement called 'Coonsboro' about three miles north of Selma, North Carolina, consisting of 10.65 acres, more or less. See Will Book 6, page 5, of the Atlas Richardson Will, and Item 7 of said Will, Office of Clerk of Superior Court, Johnston County."

5. Claudia Mary Etha Baldwin died 17 May, 1953, intestate; and John W. Baldwin died 17 September, 1953, intestate. As stated above, plaintiffs, except J. W. Moten, are the children and only heirs at law of Claudia Mary Etha Baldwin.

6. In March, 1954, said deed of trust was foreclosed by A. M. Noble, Trustee, upon request of W. S. Hicks; and defendants became the purchasers at their bid of $475.00. Pursuant to such foreclosure A. M. Noble, Trustee, executed and delivered a deed to defendants. Thereupon, defendants entered into possession of the said 5-acre tract identified and staked off as stated above in the parol partition of 1949, and have remained in possession since then. The description contained in said deed of trust, quoted above, was used in the foreclosure advertisement and in the trustee's deed.

7. The said tract of 54 acres, more or less, was the only real property owned by Atlas Richardson at the time of his death.

8. Claudia Mary Etha Baldwin owned no other property than that which she acquired under the will of Atlas Richardson.

9. The 19 acres *on the west end* of the Atlas Richardson land, allotted to Loumenda Richardson in the parol division of 1922, is now owned by William B. Wellons. Presumably, Millie Stancil, who is now 76 years of age, still owns the 19 acres *on the east side* of the original Atlas Richardson land.

Upon these stipulated facts, Judge Sharp held that the description in the deed of trust and in the trustee's deed was patently ambiguous and void for uncertainty and that parol evidence was not admissible to identify the land. Judgment was entered that said deed of trust and said trustee's deed were void and of no effect; that plaintiffs are entitled to an accounting from defendants of the rents and profits from the 5 acres which defendants have had in possession since May, 1954, but that a full accounting could not be had because the tobacco crop grown thereon during the year 1955 had not been sold; and the cause was retained and continued until on or after the November Term, 1955, for the determination of the amount of the rents and profits due by defendants to plaintiffs upon such accounting.

Defendants excepted to the judgment as entered and appealed, assigning errors.

*Lyon & Lyon for plaintiffs, appellees.*
*A. M. Noble for defendants, appellants.*

BOBBITT, J. While nominally a cause of action to remove a cloud from plaintiffs' title, this is essentially an action in ejectment. True, possession by plaintiffs is not a prerequisite to an action brought under G.S. 41-10. *Satterwhite v. Gallagher,* 173 N.C. 525, 92 S.E. 369; *Vick v. Winslow,* 209 N.C. 540, 183 S.E. 750. Nor is it necessary in such an action to allege or establish either trespass or unlawful possession by defendants. But where, as here, defendants are in actual possession, and plaintiffs seek to recover possession, the action in essence is in ejectment. *Hines v. Moye,* 125 N.C. 8, 34 S.E. 103.

The parties stipulated that, upon the death of Claudia Watson on 3 March, 1938, the children of Millie Stancil and of Loumenda Richardson became the owners in fee simple of the 19 acres *in the center* of the Atlas Richardson tract of 54 acres, more or less. Accepting this as established, the proper construction of the Atlas Richardson will (which is not set out in full in the record), need not be considered; nor do we need to consider the parol division of 1922.

The owners of the 19 acres *in the center* of the Atlas Richardson tract of 54 acres, more or less, made a parol partition thereof in 1949. A parol partition is voidable, not void. *Collier v. Paper Corp.*, 172 N.C. 74, 89 S.E. 1006; *Thomas v. Conyers*, 198 N.C. 229, 151 S.E. 270. As of now, *the parties* to said parol partition of 1949, their heirs or assigns, could have it declared void and be restored to their original status as tenants in common. *Duckett v. Harrison*, 235 N.C. 145, 69 S.E. 2d 176. They have not done so.

It makes no difference for present purposes whether plaintiffs be treated as owners of the 5 acres identified and staked out as the Claudia Mary Etha Baldwin land in said parol partition of 1949 or as owners of an undivided interest in the 19 acres *in the center* of the Atlas Richardson land. This may become material upon the accounting for rents and profits from May, 1954. In an action for trespass, a tenant in common may recover judgment only for his proportionate part of the damages; but in an action in ejectment, one tenant in common may recover the entire tract against a third party. *Winborne v. Lumber Co.*, 130 N.C. 32, 40 S.E. 825; *Lance v. Cogdill*, 238 N.C. 500, 78 S.E. 2d 319, and cases cited therein.

Both plaintiffs and defendants claim under Claudia Mary Etha Baldwin, plaintiffs claiming by inheritance and defendants claiming under deed pursuant to foreclosure of the deed of trust executed by Claudia Mary Etha Baldwin to A. M. Noble, Trustee. Thus, the vital question is whether the description in the deed of trust and in the trustee's deed is void for uncertainty.

Defendants' assignment of error, based on Judge Sharp's refusal to treat Judge Bone's order as having established the sufficiency of the description, is wholly without merit. Judge Bone made no such determination. He simply denied plaintiffs' motion for judgment on the pleadings. Plaintiffs excepted, but did not appeal. They were well advised. It is well established that an appeal does not lie from a denial of a motion for judgment on the pleadings. *Garrett v. Rose*, 236 N.C. 299, 72 S.E. 2d 843; *Howland v. Stitzer*, 240 N.C. 689, 84 S.E. 2d 167, and cases cited therein. Furthermore, the motion for judgment on the pleadings related to the *original* pleadings. Plaintiffs' allegation of ownership was denied. This raised an issue of fact, to be determined by jury trial or other approved procedure. *Wells v. Clayton*, 236 N.C. 102, 72 S.E. 2d 16. Aside from all this, the controversy under the *amended* pleadings was an entirely different case, involving different land.

The principles applicable in determining the sufficiency of the description are well established. *Hodges v. Stewart*, 218 N.C. 290, 10 S.E. 2d 723, and cases cited therein. "The description must identify the land,

or it must refer to something that will identify it with certainty. Otherwise the description is void for uncertainty." *Higgins, J.,* in *Deans v. Deans,* 241 N.C. 1, 84 S.E. 2d 321. Parol evidence is admissible to fit the description to the land. G.S. 8-39. "Such evidence cannot, however, be used to enlarge the scope of the descriptive words. The deed itself must point to the source from which evidence *aliunde* to make the description complete is to be sought." *Winborne, J.,* in *Self Help Corp. v. Brinkley,* 215 N.C. 615, 2 S.E. 2d 889.

Here the description calls for *a* tract of land in *Selma Township,* in the settlement called "Coonsboro" *about* three miles north of Selma, N. C., consisting of 10.65 acres, more or less. This fits equally well any tract of the indicated acreage in "Coonsboro" about three miles north of Selma. It refers to nothing from which the land can be identified with certainty. The additional sentence, "See Will Book 6, page 5, of the Atlas Richardson Will, and Item 7 of said Will, Office of Clerk of Superior Court, Johnston County," affords no assistance. If it be conceded that the mere reference to the Atlas Richardson will, particularly Item 7 thereof, is a sufficient reference to admit testimony as to the contents of Item 7 of said Will, the stipulations disclose that the tract devised in Item 7 was "19 acres of my tract of land on the west end." Clearly, this does not identify the tract of 5 acres in controversy, in possession of Claudia Mary Etha Baldwin when she executed the deed of trust to A. M. Noble, Trustee, which is a part of the 19 acres *in the center* of the Atlas Richardson tract of 54 acres, more or less.

It is quite probable that Claudia Mary Etha Baldwin intended to convey to A. M. Noble, Trustee, whatever part or interest she owned in the original tract of 54 acres, more or less, albeit the explanation of the reference to a tract of 10.65 acres, more or less, does not appear. Even so, we are concerned only with the sufficiency of the description, not what we conceive Claudia Mary Etha Baldwin may have intended. Since the description does not point to any source from which it can be made certain, we agree with the ruling of Judge Sharp that the deed of trust and the trustee's deed are void because of uncertainty in the description of the land conveyed thereby.

Apparently, the deed of trust to A. M. Noble, Trustee, secured the payment of an indebtedness due and owing by Claudia Mary Etha Baldwin. What amount, if any, defendants may be entitled to recover from plaintiffs on account of such indebtedness or otherwise is not before us for consideration. It is noted that plaintiffs, in their amended complaint, tendered to defendants the sum of $475.00, the amount of their bid at the foreclosure sale.

While the ruling that the description is insufficient and void is upheld, we are confronted here by the fact that the 5-acre tract in controversy

is not described by metes and bounds in the pleadings, or in the stipulations, or in the judgment. Nor is there a particular description of the tract of 54 acres, more or less, or of any of the three tracts of 19 acres each. Moreover, the judgment does not adjudge plaintiffs' ownership of the 5-acre tract in controversy. It adjudges that the instruments under which defendants claim are void and that defendants are accountable to plaintiffs for rents and profits since they went into the possession of the undescribed 5-acre tract in May, 1954.

Ordinarily, an action in ejectment will be dismissed if plaintiff either fails to prove his title or fails to locate the land claimed by him. But since these parties have stipulated that Claudia Mary Etha Baldwin was in possession of the 5-acre tract, as identified and staked off, when she executed the deed of trust to A. M. Noble, Trustee, and that defendants are now in possession thereof, and no contention is made as to the identity of the 5 acres in controversy, instead of reversing the judgment and dismissing plaintiffs' action we have decided to vacate the judgment and remand the cause. The new judgment must adjudicate affirmatively plaintiffs' title to the 5-acre tract in controversy and contain a correct description thereof as well as determine the amount, if any, due by defendants to plaintiffs upon an accounting. In the absence of agreement as to the location of the 5 acres in controversy, the parties must proceed upon amended pleadings to have the location thereof determined.

Under this disposition of the appeal, the costs on appeal will be taxed, one-half to plaintiffs and one-half to defendants.

Error and remanded.

HIGGINS, J., took no part in the consideration or decision of this case.