W. C. COSTNER, AND WIFE, LEVADA COSTNER v. CITY OF GREENSBORO

No. 7718SC469

(Filed 15 August 1978)

Ejectment § 6; Eminent Domain § 13; Municipal Corporations § 43— city's construction of street on plaintiffs' land—damages action barred—no right of ejectment

Plaintiffs who were legally barred from suing a city for damages for construction of a permanent public street on their land could not maintain an action to eject the city from the land since a taking of the land for a public street was within the city's power of eminent domain, and plaintiffs' only remedy was to seek permanent damages.

APPEAL by plaintiffs from *Walker (Hal H.), Judge*. Order entered 25 March 1977 in Superior Court, GUILFORD County. Defendant cross-assigned error. Heard in the Court of Appeals 8 March 1978.

Plaintiffs instituted this civil action on 14 August 1973 by filing their complaint alleging that: plaintiffs are the owners of certain real property in the City of Greensboro fronting on West Wendover Avenue; the defendant is a municipal corporation, having the power of eminent domain to condemn private property for public use; on 7 November 1969, the defendant took possession of a strip of plaintiffs' land to widen West Wendover Avenue (graded, paved and constructed curbs and gutters thereon) without

their consent. Plaintiffs demanded that defendant surrender possession of the land to the plaintiffs in its former condition. On 12 September 1973, the defendant filed its answer admitting that it took possession of the land in question as a part of its right-of-way.

On 18 December 1974, Judge Crissman entered an order which appeared to be an order denying summary judgment under Rule 56 of the Rules of Civil Procedure. The defendant objected and excepted to the entry of this order on the grounds that the matter was before Judge Crissman on its merits on an agreed statement of facts with a jury trial waived. On 25 March 1977, Judge Walker allowed defendant's 12(b)(6) motion to dismiss the complaint on the grounds the complaint did not state a claim upon which relief can be granted, holding that plaintiffs' sole remedy was an action for permanent damages which is now barred by the applicable statute of limitations. The plaintiffs appeal.

*Turner, Rollins, Rollins & Clark, by Clyde T. Rollins, for plaintiff appellants.*

*Deputy City Attorney James W. Miles, Jr., for defendant appellee.*

ERWIN, Judge.

The record reveals that on 28 June 1974, the plaintiffs and defendant filed a stipulation of facts:

"I. That this is a civil action begun in the Superior Court Division of the General Court of Justice by the issuance of summons and filing of a complaint on 14 August 1973; that the action seeks to have the Court declare:

(a) That the plaintiffs are the owners of the property described in paragraph V of the complaint, the same being the property which is the subject matter of this action; and ask the Court to determine the title to the property;

(b) That the defendant is in wrongful possession of the same;

(c) That the plaintiffs are entitled to have the defendant surrender possession of the same to them and have the defendant restore the same to its former condition.

II. That on 19 May 1953, the plaintiffs acquired by deed certain property; that the property which is the subject matter of this action was encompassed in the description of said property; that the plaintiffs entered into possession of all of the said property and have claimed the same and exercised dominion over all of said property since said date; that the plaintiffs have paid taxes on the same at all times pertinent hereto.

III. That it is agreed that since the defendant took possession of the said property, the plaintiffs have at all times claimed the same and have paid taxes upon the same.

IV. That the plaintiffs caused to be constructed on said property a dwelling house and since that time have lived therein; that no part of the dwelling house or any other structure is located on the portion of property which is the subject matter of this action.

V. That on or about 7 November 1969, the defendant took possession of that portion of property which is the subject matter of this action; that defendant claimed ownership to said property by virtue of an alleged preexisting right of way; that the defendant has never negotiated with the plaintiffs for purchase of the same either before or after possession of the same.

VI. That the defendant used the property which is the subject matter of this action to widen an existing public roadway; that said widening consisted of increasing the width of the existing roadway and the installation of curb and gutter adjacent thereto; that the defendant is now in possession of the same.

VII. That the existing roadway and the roadway as improved is a principal arterial or major thoroughfare in the City of Greensboro; that the project has been completed and the roadway is in use as a public way.

VIII. That the defendant City of Greensboro is a municipal corporation and may acquire property by the exercise of the power of eminent domain when the same is required in the public interest; that the defendant has never instituted any condemnation proceedings with respect to the property which is the subject matter of this action; that the defendant has never negotiated with the plaintiffs for purchase of the same; that the defendant has never asked nor obtained permission from the plaintiffs to go upon the same.

IX. That on 10 November 1969, the plaintiffs instituted an action against the defendant City of Greensboro (designated as 69 CvS 9411) for the purpose of enjoining and restraining the City of Greensboro from entering upon the property which was the subject matter of that action and which is the subject matter of this current action (complaint attached as Exhibit A); that, based upon said complaint being treated as an affidavit, a temporary restraining order was issued against the City of Greensboro (attached hereto as Exhibit B); that subsequently an amended complaint was filed which sought recovery of defendant for alleged trespass in addition to the injunctive relief stated above (amended complaint attached as Exhibit C); that, based on a hearing on affidavits and argument of counsel, an Order was entered vacating and dissolving the temporary restraining order (attached as Exhibit D); thereafter defendant filed Answer (attached as Exhibit E).

X. That, upon motion for summary judgment, supported by affidavit, filed by the defendant, the [first] action was dismissed on 21 February 1973 on the ground that the plaintiffs had failed to present their claim to the City Council of the City of Greensboro in writing as required by Sections 7.01 and 7.02 of the City Charter (Motion, Affidavit, Order, and pertinent portion of City Charter attached hereto as Exhibits F, G, H, and J, respectively).

XI. That the property which is the subject matter of this action is the same as that which was the subject matter of action 69 CvS 9411 above-mentioned.

XII. [T]hat the matter came on to be heard before the Honorable Harvey Lupton, Judge Presiding at the one-week

special civil session of the Superior Court of Guilford County beginning on 18 March 1974; that, by consent of counsel for the respective parties, it was agreed that said Judge shall enter a decision herein, or any other regular Superior Court Judge shall enter a decision based on the facts herein stipulated and those appearing of record in this action, and that said decision may be rendered out of term, out of session and out of district."

On 18 December 1974, Judge Crissman entered an order which appears to be an order denying a motion for summary judgment which held in part:

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED:

1. That the defendant's motion for a summary judgment be, and the same is hereby denied; and

2. That this cause remain upon the trial calendar for trial before a jury in its regular course and order."

To the entry of Judge Crissman's order, defendant appellee excepted and made the following cross-assignment of error: "The Court committed prejudicial error in purporting to deny a motion for summary judgment which defendant never made instead of deciding this case upon the Stipulation of Facts."

We hold that it was error for Judge Crissman to treat the Stipulation of Facts as a motion for summary judgment, and we further hold that Judge Crissman should have entered judgment for the defendant.

In a prior civil action between the same parties to this action, the plaintiffs then sought damages in the amount of $1,500.00 from the defendant for destroying a large, ornamental tree, by grading, entering and tramping upon the herbage on said property and $5,000.00 in punitive damages relating to the same real property described in this action. The defendant answered that the amended complaint does not allege that prior to the institution of the action, the plaintiffs presented their claim in writing to the City Council of the defendant city as required by Sections 7.01 and 7.02 of the Charter of the City of Greensboro.

On 21 February 1973, the trial judge made the following findings of fact and entered order thereon:

"Based upon the foregoing undisputed facts, the Court makes the following conclusions of law:

(1) The plaintiffs failed to give written notice to the City Council of the City of Greensboro prior to the institution of this action for damages as is required by defendant's Charter.

(2) Compliance with the defendant's Charter provisions with respect to giving written notice is a condition precedent to the institution of any action against the defendant for the recovery of damages.

\*    \*    \*

ORDERED, ADJUDGED AND DECREED that the plaintiffs' action is hereby dismissed with prejudice and that the cost of the action shall be taxed against the plaintiffs."

Plaintiffs contend that they have now stated a cause of action pursuant to N.C. G.S. 41-10.1, "Trying title to land where State claims interest."

We conclude that plaintiffs seek to eject the city from the property in question, not merely to try title. "The nature of the action is not determined by what either party calls it, but by the issues arising on the pleadings and by the relief sought." *Hayes v. Ricard,* 244 N.C. 313, 320, 93 S.E. 2d 540, 545, 546 (1956). "But where, as here, defendants are in actual possession, and plaintiffs seek to recover possession, the action in essence is in ejectment." *Baldwin v. Hinton,* 243 N.C. 113, 117, 90 S.E. 2d 316, 319 (1955). *See also Poultry Co. v. Oil Co.,* 272 N.C. 16, 157 S.E. 2d 693 (1967); *Hayes v. Ricard, supra.*

In the first civil action, the plaintiffs were barred from seeking damages for failure to give notice as required by the Charter of the City of Greensboro. The judgment entered 21 February 1973 against the plaintiffs with prejudice stands as a permanent bar to any recovery of damages growing out of the city's acts of going upon and constructing a street on the property in question. The judgment was not appealed from.

The question now is: May the plaintiffs who are legally barred from suing for damages, maintain an action to eject the de-

fendant city, with power of eminent domain, from the land which plaintiffs allege they own, after the city has erected a permanent street across the property as a major thoroughfare for traffic? We answer no.

Our Supreme Court held in *Beasley v. Aberdeen and Rockfish Railroad Company*, 147 N.C. 362, 364-5 (1908):

> "[W]here a railroad corporation has entered on the land of another and constructed its road and is operating same, and, having the power of eminent domain, has not exceeded the ultimate rights of appropriation contained in the power nor violated the restrictions imposed upon it by its charter or the general law, such company cannot be ousted from the land by action of ejectment instituted by the owner nor subjected to successive and repeated actions of trespass by reason of the user and occupation of the property. . . ."

*Beasley, supra,* was followed by *Rhodes v. City of Durham*, 165 N.C. 679, 680, 81 S.E. 938, 939 (1914), holding:

> "[W]here the injuries are by reason of structures or conditions permanent in their nature, and their existence and maintenance is guaranteed or protected by the power of eminent domain or because the interest of the public therein is of such an exigent nature that the right of abatement at the instance of an individual is of necessity denied, it is open to either plaintiff or defendant to demand that permanent damages be awarded; the proceedings in such cases to some extent taking on the nature of condemning an easement."

The city did not exceed its authority and has a right to be protected from ejectment by the plaintiffs in order to execute a public function, to maintain an orderly flow of traffic within its bounds. The right of eminent domain may not be distorted by the plaintiffs, who failed in their first civil action to recover damages from the city. In this case, the plaintiffs have reached their second and final bar, in that, the city, with a right of eminent domain, has gone upon the land in question and constructed a permanent street thereon and is protected against an action in ejectment pursuant to its power of eminent domain.

In view of the above, the order of Judge Crissman dated 18 December 1974 is reversed; the case is remanded with instruc-

tions to enter judgment for the defendant in accordance with this opinion.

The results are: (1) the order entered by Judge Walker, coming after the order of Judge Crissman, is vacated; (2) the order of Judge Crissman is reversed, and the case is remanded with instructions to enter judgment for defendant; (3) the plaintiffs are taxed with the costs.

Judges BRITT and CLARK concur.