RHETA M. ROGERS v. RICHARD KELLY AND WIFE, MRS. RICHARD KELLY

No. 8330DC103

(Filed 7 February 1984)

**Tenants in Common § 3— action for rent—summary judgment for defendant improper**

    Where, upon divorce, plaintiff, as a tenant in common, owned a one-half undivided interest in drugstore property, the trial court erred in granting defendant-lessee's motion for summary judgment since on the basis of the record, there was no genuine issue of fact on the issue that defendant owed the plaintiff one-half the fair rental value of the premises, and thus plaintiff, rather than defendant, was entitled to summary judgment on the issue of liability. The case must be remanded to decide the factual issue of the fair rental value of plaintiff's one-half undivided interest in the property.

APPEAL by plaintiff from *Leatherwood, Judge.* Judgment entered 30 August 1982 in District Court, CLAY County. Heard in the Court of Appeals 10 January 1984.

*Jones, Key, Melvin & Patton by R. S. Jones, Jr., for plaintiff appellant.*

*McKeever, Edwards, Davis & Hays by George P. Davis, Jr., for defendant appellee.*

BRASWELL, Judge.

A tenant in common sues for rents and for possession of the common premises, a drugstore, leased by only one of the two tenants in common to a third party, the defendants. The plaintiff, as non-lease signing cotenant, appeals from the trial court's granting of defendant-lessee's motion for summary judgment and from the denial of her own motion for summary judgment. The standard for our review is to determine from the record, the pleadings, affidavits and evidence presented at the hearing, whether the facts show that there is a genuine issue as to any material fact that would show a party was entitled to a judgment as a matter of law. *Johnson v. Insurance Co.*, 300 N.C. 247, 266 S.E. 2d 610 (1980).

Rheta Rogers, the plaintiff, and William R. Rogers, her former husband, purchased the subject drugstore property in the Town of Hayesville in 1966 as tenants by the entirety. In 1980 Mr. and Mrs. Rogers were divorced. According to the terms of a "Custody, Support, and Property Settlement" agreement of 26 August 1980 which was incorporated into a consent judgment of the same date, Mr. and Mrs. Rogers agreed to a division of their property. Mrs. Rogers received, among other things, the dwelling house and approximately twelve acres. Mr. Rogers' part is described thusly:

> All remaining assets accumulated by the parties during their marriage shall be appraised, and equally divided by value between the parties. . . . Husband shall receive all the remainder of the assets and shall pay Wife in cash *or by conveyance of an accumulated asset of his choice* for the balance of her share, at their appraised value, in lieu of cash. (Emphasis added.)

From the date of divorce to the date of trial there has been no completed appraisal or actual division of the accumulated and remaining assets of the marriage. For purposes of the summary

judgment hearing Mr. Rogers gave an affidavit for the defendants which shows that he intended at all times for the drugstore property to be his alone after the divorce. Mr. Rogers has not implemented the *possibility* of divestment of this property from Mrs. Rogers.

The deed recorded at the courthouse shows ownership as tenants by the entirety in Mr. and Mrs. Rogers. Upon absolute divorce in 1980 this legal title was converted to a tenancy in common. *Smith v. Smith*, 249 N.C. 669, 107 S.E. 2d 530 (1959). When this action was filed on 5 May 1981 we hold that the plaintiff Rheta Rogers and her former husband each owned a one-half undivided interest in the property. Nothing in the property settlement agreement has yet changed this legal conclusion. As between this plaintiff and these third-person defendants, the property settlement between Mr. and Mrs. Rogers is of no effect. Title and ownership has never been changed at the courthouse. Mr. Rogers is not a party to this lawsuit.

After the final divorce Mr. Rogers alone leased the drugstore to the defendants. About December 1st or 2nd, 1980, the defendants took possession under a verbal agreement, which was converted to a written agreement in June of 1981. According to defendant Richard Kelly, "Mr. Rogers let us move in without paying rent until we could afford it. Mr. Rogers helped us, because I guess it's to his best interest that it be rented, because he's getting rent money." Mr. Kelly's deposition also stated that he and his wife, the defendant Linda Kelly, agreed to pay to Mr. Rogers only the sum of $840 monthly rent. Only two rent payments were made in 1981 "due to the fact that William Ray Rogers is helping us in the business as a friend," and from 1982 rent was paid for January through June. Kelly's Pharmacy is operated by defendants in the leased property. Mr. Kelly admits that no rent has been paid to Mrs. Rogers. Mrs. Kelly, by her deposition, substantially adopted the deposition of her husband, and there are no facts different from the above.

In her complaint the plaintiff sues for "possession of the subject premises" and for "[h]er proportionate share of the rental value of the premises from January 1, 1981 until possession is returned to Plaintiff, in the amount of $500 per month." She alleges "the fair rental value" to be $1,000 per month.

On 29 December 1980 plaintiff's attorney wrote a letter to the defendants, now of record as Exhibit C. After indicating some information had come to Mrs. Rogers' attention about an arrangement for defendants to occupy the building, the letter informs the defendants that Mrs. Rogers is owner of a one-half undivided interest, and that

> Mrs. Rogers *does not wish to interfere with your taking possession* of and entering into a lease in connection with the building. She is simply desirous of being sure that she is fully aware of the business transaction involved, and that she is going to receive her just portion of all rental payments due.

Upon this background we now inquire into the rights of one tenant in common against the third-person lessee of the other cotenant. In essence, we interpret the complaint as an action in ejectment with a claim for money damages of one-half fair rental value of the premises during the time of occupancy. *See Baldwin v. Hinton*, 243 N.C. 113, 117, 90 S.E. 2d 316, 319 (1955). The *Baldwin* case also states that "[i]n an action for trespass, a tenant in common may recover judgment only for his proportionate part of the damages; but in an action in ejectment, one tenant in common may recover the entire tract against a third party." *Id.* at 118, 90 S.E. 2d at 319. In *Baldwin*, unlike here, the third parties (the defendants) were not lessees of a cotenant but claimed the property "under deed pursuant to foreclosure of [a certain] deed of trust." *Id.*

Discovering no North Carolina case directly on point, we now look to the general rule, and interpret it to be:

> [A] lease by one tenant in common . . . is valid and effectual to the extent of the lessor's interest, and entitles the lessee to occupy, use, and enjoy the premises as fully as the lessor himself might do but for the lease.

> The lease does not bind the *interests* of nonjoining owners, absent ratification or authorization by them, and in so far as it purports to bind those interests it is invalid; but, at least in most jurisdictions, it is an inaccuracy to state broadly that the lease is "invalid" as to, or is "voidable" by, the nonjoining owners, since under the doctrine of most jurisdictions they clearly are required to respect the rights

vested in the lessee, and cannot exclude him from the premises during the term of the lease.

Annot., 49 A.L.R. 2d 797, 798 (1956).

In this case because of the actual exclusion of the plaintiff-cotenant from the premises of the drugstore building, the lessee has a liability to the nonjoining plaintiff-owner for use and occupation which here can be satisfied by the paying of a proportional fair rental value. As stated in 49 A.L.R. 2d at 805, "It is very plain in all jurisdictions that one tenant in common . . . is not by reason of his character as such able or authorized to bind by lease the interests of any other owner." Here, in effect, for the term of the lease the defendants become substantially a cotenant of the nonjoining plaintiff-owner, and the plaintiff "can claim no other or greater rights against the lessee than he could assert against the lessor himself." 49 A.L.R. 2d at 810.

The forecast of the evidence shows that the plaintiff, as a cotenant, does have some rights against the defendants. On this record we hold that there is no genuine issue of fact on the issue that defendants owe the plaintiff one-half the fair rental value of the premises, and thus plaintiff was entitled to summary judgment on the issue of liability. However, because the question of what is fair rental value does not lend itself to be decided as a matter of law it was error for the trial court to grant summary judgment for the defendants. The case must be remanded to decide the factual issue: What is the fair rental value for Rheta M. Rogers' one-half undivided interest in the leased drugstore premises from 1 January 1981 through the end of the lease [or such period as she owns a one-half undivided interest]?

We hold that plaintiff is not entitled to "possession" of the premises as alleged in her complaint. Just as one cotenant cannot eject another cotenant from rightful occupancy, and with Mr. Rogers' lessee standing in his shoes as that of a cotenant in possession, the defendants may remain in possession for the duration of the lease, subject to the duty to pay plaintiff as owner her proportional fair rental value.

While the letter of 29 December 1980 from plaintiff's counsel to defendants shows that plaintiff does not object to the premises being leased, and asks for rents, other evidence shows no lease

existed on that date. The plaintiff has not been shown to have ratified the subsequent oral or written lease as to rental terms. Also, a nonjoining cotenant cannot be bound by one tenant's leasing of more than his own interest for free rent. While the monthly rental of $840 used in Mr. Rogers' lease to the defendants would furnish some evidence of fair rental value, the plaintiff, not having ratified any of the terms of the lease, is not to be bound from offering evidence to the contrary, if there be any.

The results are: summary judgment for defendants is reversed. The trial court erred in not entering summary judgment for the plaintiff on the issue of liability. The cause is remanded to the trial court to determine the one issue of damages as to fair rental value.

Reversed in part and remanded.

Judges HEDRICK and EAGLES concur.