**GODETTE v. GODETTE**

[146 N.C. App. 737 (2001)]

Affirmed.

Judges McGEE and JOHN concur.

================

ALFONSO GODETTE, JR. v. WENDELL GODETTE

No. COA00-992

(Filed 6 November 2001)

## 1. Trespass— motion for directed verdict—ownership of land

The trial court erred in a trespass action by granting defendant's motion for directed verdict under N.C.G.S. § 1A-1, Rule 50 based on failure to prove title, because plaintiff presented sufficient evidence of ownership when: (1) plaintiff amended his complaint to conform to the survey map; (2) plaintiff presented uncontradicted testimony that he and his siblings owned the land as heirs of their father; and (3) defendant conceded in his brief that plaintiff had an undivided one-quarter interest in the property.

## 2. Trespass— motion to dismiss—ejectment action—tenancy in common—necessary parties

The trial court erred in a trespass action by granting defendant's motion to dismiss under N.C.G.S. § 1A-1, Rule 12(b)(7) based on plaintiff's failure to join his three siblings as necessary parties, because: (1) plaintiff owned an undivided one-quarter interest in the land in fee simple as a tenant in common, and a tenant in common who owns an undivided interest in land can maintain an action for ejectment and damages without joining his co-tenants in common; and (2) even if it had been necessary, a Rule 12(b)(7) motion is only appropriate when the defect cannot be cured and a court ordinarily should allow a continuance for the absent party to be brought into the action.

Appeal by plaintiff from judgment entered 29 June 2000 by Judge James E. Ragan, III in Craven County Superior Court. Heard in the Court of Appeals 13 August 2001.

GODETTE v. GODETTE

[146 N.C. App. 737 (2001)]

*Henderson, Baxter, Taylor & Gatchel, by David S. Henderson for plaintiff-appellant.*

*Wendell Godette*, pro se, *defendant-appellee.*

THOMAS, Judge.

Plaintiff, Alfonso Godette, Jr., appeals an order granting a directed verdict motion in his attempt to obtain both restitution for damages and injunctions in an action for trespass.

The trial court ruled plaintiff had not shown ownership and, even if he had, could not maintain suit without joining the other property owners as parties. Plaintiff sets forth two assignments of error. For the reasons discussed herein, we reverse and remand.

Plaintiff presented evidence in a jury trial that his father, Alfonso Godette, Sr. (Godette, Sr.), had maintained ownership of the land in question from 1941 until he died intestate in 1963. Plaintiff, his brother, and two sisters were the only heirs. The tract consisted of approximately 2.6 acres. Godette, Sr. had allowed others in the area to occasionally use a road on the property, but the land was primarily worked as a farm. After Godette, Sr.'s death, plaintiff's two sons eventually built homes on the land. One of plaintiff's sons, Lovindus E. Godette, had lived there for more than nineteen years at the time of trial.

In July 1999, defendant, Wendell Godette, allegedly entered the property with a chainsaw and cut the water line, water meter, shrubbery and approximately 100 trees. Plaintiff filed suit, seeking restitution and preliminary and permanent injunctions against defendant. Defendant answered and counterclaimed that plaintiff did not own the land, the road was "public," and plaintiff had wrongfully attempted to block the road.

At the close of plaintiff's evidence, defendant made a Rule 50 motion for directed verdict for failure to prove title and a Rule 12(b)(7) motion to dismiss for failure to join the co-tenants in common as necessary parties. The trial court granted both motions. Plaintiff appeals.

[1] By plaintiff's first assignment of error, he argues the trial court erred in directing a verdict because he had introduced sufficient evidence of ownership. We agree.

GODETTE v. GODETTE

[146 N.C. App. 737 (2001)]

"A motion for directed verdict is appropriately granted only when by looking at the evidence in the light most favorable to the non-movant, and giving the nonmovant the benefit of every reasonable inference arising from the evidence, the evidence is insufficient for submission to the jury." *Crist v. Crist*, 145 N.C. App. 418, 550 S.E.2d 260 (2001) (citing *Streeter v. Cotton*, 133 N.C. App. 80, 514 S.E.2d 539 (1999)).

In the instant case, plaintiff had the burden of proof to show ownership. In his complaint, plaintiff alleged he owned the land in fee simple absolute, but the legal description of the land in plaintiff's complaint did not match his evidence of a survey map at trial. However, the trial court allowed him to amend his complaint to conform to the survey map. He also presented uncontradicted testimony that he and his siblings owned the land as heirs of Godette, Sr. There was testimony that plaintiff's sons had both built homes on the land, one of whom had continuously lived there for more than nineteen years preceding trial. While plaintiff did not produce a deed establishing his ownership, defendant conceded in his brief that plaintiff had an undivided one-quarter interest in the property. Thus, in the light most favorable to plaintiff, there was sufficient evidence of plaintiff's interest in the land for submission to the jury.

[2] By plaintiff's second assignment of error, he argues a tenant in common who owns an undivided interest in land can maintain an action for ejectment and damages without joining his co-tenants in common. We agree.

Defendant moved to dismiss based on plaintiff's failure to join his three siblings as necessary parties pursuant to Rule 12(b)(7). "A 'necessary' party is one whose presence is required for a complete determination of the claim, and is one whose interest is such that no decree can be rendered without affecting the party." *Begley v. Employment Security Comm.*, 50 N.C. App. 432, 438, 274 S.E.2d 370, 375 (1981) (citations omitted). However, plaintiff claimed he could maintain his action as an owner in fee simple. Ownership in fee simple is "one in which the owner is entitled to the entire property, with unconditional power of disposition during one's life, and descending to one's heirs and legal representatives upon one's death intestate." Black's Law Dictionary 615 (6th ed. 1990). Plaintiff stated he inherited a one-quarter interest in the land, along with his three siblings. Thus, while plaintiff may not have owned all of the land in fee simple, he did own an undivided one-quarter interest in fee simple as a tenant in

common. *See Rawls v. Williford*, 121 N.C. App. 762, 468 S.E.2d 460 (1996); *Moore v. Baker*, 222 N.C. 736, 24 S.E.2d 749 (1943).

A tenancy in common is "a tenancy by two or more persons, in equal or unequal undivided shares, each person having an equal right to possess the whole property but no right of survivorship." Black's Law Dictionary (7th ed. 1999). It is well-established that one tenant in common may maintain an action for trespass upon the lands. In *Lance v. Cogdill*, our Supreme Court held

> [o]ne tenant in common may sue alone and recover possession of the common property, as against a third party claiming adversely to him and his cotenants, even though he can prove title to only an undivided interest, since each tenant in common is entitled to possession of the whole, except as against a cotenant.

*Lance v. Cogdill*, 238 N.C. 500, 505, 78 S.E.2d 319, 323 (1953). *See also Rogers v. Kelly*, 66 N.C. App. 264, 311 S.E.2d 43 (1984); *Baldwin v. Hinton*, 243 N.C. 113, 117, 90 S.E.2d 316, 319 (1955). Consequently, plaintiff did not need to join his siblings in order to maintain the suit. Even if it had been necessary, a Rule 12(b)(7) motion is only appropriate when the defect cannot be cured, and a court ordinarily should allow a continuance for the absent party to be brought into the action and plead. *Howell v. Fisher*, 49 N.C. App. 488, 491, 272 S.E.2d 19, 22 (1980), *cert. denied*, 302 N.C. 218, 277 S.E.2d 69 (1981). Without joinder, plaintiff will only be able to recover one-fourth of the damages in a pro-rata share. *Lance*, 238 N.C. at 505, 90 S.E.2d at 323.

We therefore hold plaintiff presented sufficient evidence to allow the case to go to the jury and the trial court erred in granting defendant's motion for directed verdict and motion to dismiss based on Rules 50 and 12(b)(7). We reverse and remand this case for proceedings consistent with this opinion.

REVERSED AND REMANDED.

Chief Judge EAGLES and Judge TIMMONS-GOODSON concur.